# Pittsburg *versus* Cluley.

1. A law provided that before any street in Pittsburg should be opened, the councils should appoint three *freeholders* to assess the damages, their report to be approved by councils, and on appeal, by the Quarter Sessions. Viewers made their report, which was approved by councils and the court. On a scire facias on a municipal claim for the amount assessed, the jury found that one of the viewers was not a freeholder. *Held*, no defence to the action.

2. The appointment was not void, and the mistake was in the confirmation of their report, which had the effect of a judgment, and could not be inquired into collaterally.

October 13th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the District Court of *Allegheny county*: Of October and November Term 1872, No. 145.

This was a scire facias upon a municipal claim for $333, filed November 8th 1870, by the City of Pittsburg, against John F. Cluley, for opening Devillier street. The scire facias was issued November 19th 1870.

The councils of Pittsburg directed the opening of Devillier street, and appointed James Black and two others as viewers, "to assess damages and benefits in accordance with the Acts of Assembly." The viewers made a report, which was approved by the councils January 31st 1870. An appeal was taken to the Court of Quarter Sessions of Allegheny county, by John Beatty, a party interested. This appeal, after hearing, was dismissed, and the report of the viewers confirmed. On this scire facias,

[Pittsburg *v.* Cluley.]

Cluley made defence that James Black, one of the viewers, was not a freeholder. The jury rendered a verdict for the plaintiff for $224.89, reserving the question hereafter stated for the opinion of the court.

By Act of January 6th 1864, the councils of Pittsburg were authorized to open streets, and collect the damages by assessment on the property benefited. By the same act it was provided that the councils should appoint "three disinterested freeholders" to assess damages, &c. The act further provided that the councils should hear appeals by any person aggrieved by the report of the viewers, and send the report back for further action or quash the proceedings; when the report of the viewers should have been finally approved by the councils, "their approval shall be final and conclusive," with a proviso that any person interested may within ten days appeal to the Court of Quarter Sessions for the correction of the report of the viewers. It was further provided that, after the approval by councils or by the court where there was an appeal, the claim should be handed to the city solicitor for collection, &c.

The reserved point was:—

"Whether the fact that James Black, one of the viewers, was not, at the time of his appointment and service as such viewer, a freeholder (which fact we find, viz. : that he was not a freeholder at the time of his appointment and service as a viewer), is a good and sufficient defence, and vitiates this action ; and if the court shall be of opinion that the fact that James Black was not, at the time of his appointment and service as a viewer, a freeholder, is good and sufficient defence to and vitiates this action, then judgment to be entered for the defendant, *non obstante veredicto.*"

The court entered judgment for the defendant on the reserved question, *non obstante veredicto.*

The plaintiff removed the record to the Supreme Court, and assigned for error, that the court entered judgment for the defendant on the reserved question.

*D. F. Watson* (with whom was *J. F. Slagle*), for plaintiff in error.— The proceedings are to be presumed to be regular : Fowler *v.* Jenkins, 4 Casey 176. It is not necessary that it should appear affirmatively that the viewers were freeholders : Schuylkill Falls Road, 2 Binn. 250 ; App's Tavern Road, 17 S. & R. 388 ; Middle Creek Road, 9 Barr 69 ; Ewing's Mill Road, 8 Casey 282 ; Allen Township Road, 6 Harris 463 ; Collins Township Road, 12 Casey 85 ; Moore Township Road, 5 Harris 116 ; Lower Merion Road, 6 Id. 238 ; Commonwealth *v.* Woods, 8 Wright 113.

*D. Reed,* for defendant in error.—Inferior jurisdictions must appear to have pursued their authority strictly : Bloom *v.* Burdick, 1 Hill 139 ; Williamson *v.* Berry, 8 Howard 495. Every requisite

of the statute must be complied with where the act is in derogation of the common law: Sharp *v.* Johnson, 4 Hill 99; Atkins *v.* Kinner, 20 Wendell 241; Corwin *v.* Merritt, 3 Barb. 343; Harrington *v.* People, 6 Id. 610. Want of jurisdiction may be shown: Adams *v.* Saratoga, &c., R. R., 10 N. York R. 332.

The opinion of the court was delivered, March 2d 1874, by

WILLIAMS, J.—This was a scire facias on a municipal claim to recover the amount assessed on the defendant's property for the opening of Devillier street. The assessment was made by viewers appointed by the councils of the city of Pittsburg, under the Act of 6th January 1864 (Pamph. L. 1131), which provides that before any street is opened for public use, the councils shall appoint three discreet and disinterested freeholders of the city, as viewers, to view the premises, appraise the damages and make the assessments. The report of the viewers was approved by the councils and confirmed by the Court of Quarter Sessions. The jury found that one of the viewers was not a freeholder, and the court below held that it was a good defence to the action, and entered judgment for the defendant. If the appointment of the viewers was not a nullity, they were justified in acting under it, and the mistake in their appointment was cured by the approval and confirmation of their report. In appointing the viewers the councils were acting within the scope of their authority, and if so, their appointment was not a nullity, though it may have been erroneously made. There is a plain distinction between an act done without authority and an act erroneously done under authority. In the one case it is void for want of authority; in the other it is voidable for its improper exercise, but not absolutely void. If the viewers were sued for trespass in entering upon the road taken for the street, can there be a doubt that their appointment would be a sufficient warrant to justify their entry for the purpose of appraising the damages and making the assessment? If it would, they were not trespassers in acting under it, nor were their acts void for want of authority. If, then, the assessment was not void, it can no more be collaterally questioned or impeached, on the ground that one of the viewers was not a freeholder, than a judgment on a verdict because one of the jurors by whom it was found was not qualified to serve. The confirmation of the report has all the legal effects and incidents of a judgment or a decree of a court of competent jurisdiction. One of which is that it must be treated as valid and binding until reversed or set aside, and cannot be assailed except for fraud or collusion. It is not pretended that any injustice was done by the assessment. The defendant had notice of the proceedings and did not appeal to the councils or apply to the Court of Quarter Sessions to have the assessment set aside or abated on the ground that it was inequitable and unjust. It is not alleged that

[Pittsburg v. Cluley.]

his property is not benefited to the extent of the amount assessed upon it, or that the assessment is in any respect unequal or excessive. His only complaint is that one of the viewers by whom it was made was not a freeholder. This objection would have availed if it had been made in time. But it comes too late and cannot be set up here. The confirmation of the report must be regarded as conclusive of the assessment, and the District Court should therefore have entered judgment for the plaintiff on the verdict.

Judgment reversed, and judgment for the plaintiff on the verdict for the amount found by the jury, with interest from the date of finding.