# Breed *versus* City of Allegheny.

1. Under the authority, conferred by the Act of April 1st 1870, to extend and widen certain streets, the city of Allegheny cannot widen, as one of its streets, a turnpike toll-road within its limits and assess the cost on the property abutting thereon.

2. In a scire facias upon a municipal claim, founded upon an assessment in pursuance of said act, the defendant is not estopped from setting up this defence, because not taken before the confirmation of the report of the viewers.

3. Wilson *v.* The City of Allegheny, 29 P. F. Smith 272, followed.

October 8th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1877, No. 124.

*Scire facias sur municipal claim* issued by the city of Allegheny against R. E. Breed.

The claim was for $312.50, against a lot of ground in the second ward of said city, being the assessment upon said lot for the widening of West End avenue from Washington avenue to the old city line. Said assessment was made in pursuance of the Act of Assembly of April 1st 1870, Pamph. L. 751, and an ordinance of said city of the 26th of March 1874, and the claim was filed as a lien against said lot as authorized by said act and ordinance.

A scire facias was issued on this claim, to which the defendant made defence, on the ground that West End avenue, on which defendant's property abutted, was a part of the Allegheny and New Brighton Turnpike Road, belonging to a corporation chartered

[Breed v. City of Allegheny.]

by the state, having the right to operate and to repair the same, and to charge tolls for the use of the same by the public, and that the city of Allegheny had no power to widen said road or to assess defendant's property for such widening.

Judgment was entered for want of a sufficient affidavit of defence, but subsequently the judgment was opened and the defendant let into a defence. He then pleaded specially the facts set forth in the affidavit of defence.

On the trial of the cause the plaintiff offered in evidence the Act of 1870, *supra*, which authorizes said city, among other things, to "lay out and open new streets, lanes and alleys of said city, and to widen, straighten or extend any streets, lanes or alleys of said city."

Plaintiff then offered the municipal claim, upon which the scire facias in this case was issued, and an ordinance of councils of the city of Allegheny, "authorizing the widening and opening of West End avenue, or New Brighton Road, from Washington avenue to old city line," to the width of fifty feet.

The defendant offered in evidence an Act of Assembly approved March 25th 1854, Pamph. L. 210, incorporating the Allegheny and New Brighton Plank-road Company, with power to locate and construct a plank-road along the present state road," &c.

Also, an act approved May 4th 1857, Pamph. L. 384, changing the name of the corporation, to the "Allegheny and New Brighton Turnpike Road Company."

It was shown by the testimony of the defendant, and of the president of the turnpike company, that the property against which the lien was filed, abutted originally on John street, which street was laid out by the owner of the property, having Washington avenue as its eastern terminus, and running in a westerly direction beyond the property in question. Subsequently, in the year 1851 or 1852, a state road was located on John street, terminating at Washington avenue.

It was in evidence that the Allegheny and New Brighton Turnpike Company had located their road under their charter on the bed of the state road, having the same eastern terminus, and running westwardly beyond the property of the defendant below, some distance into Ross township.

The president of the road testified that they had been using and operating the road, making repairs and collecting tolls from 1855 or 1856 up to the time of the trial, and that they now had on the road materials for the purpose of repair.

It was shown that there were two toll-gates on the road, both of which were taking tolls, one of them being located about a quarter of a mile west of Washington avenue, and about five hundred feet west of the property in question. This latter toll-gate is within the city limits.

[Breed *v.* City of Allegheny.]

The first and second points of plaintiff, both of which Kirkpatrick, J., affirmed, were as follows :—

1. That the proceedings for the opening and widening of West End avenue having been confirmed by councils, and no appeal having been taken therefrom, the defendant cannot set up as a defence to the scire facias that the assessment of benefits was for the widening and opening a toll-road. Such defence should have been set up by appeal from report of viewers, if at all.

2. That under the evidence in this case their verdict should be for plaintiff.

The defendant submitted the following point, which the court refused :—

"That if the jury believe that under the charter of the Allegheny and New Brighton Turnpike Company, and the supplements thereto, together with the testimony offered in evidence, the roadway upon which the property in question fronted, had been previously, and was at the time of the filing of the lien in this case, under the control of and operated by the said turnpike company, the city of Allegheny had no power to open or widen the same while the same was being used and held by the said turnpike company under its charter, and was collecting tolls for the use of the same by the public, and the plaintiff cannot recover."

The jury found for the plaintiff, subject to the opinion of the court upon the question of law reserved, to wit : "whether, under the defendant's point, *supra*, the plaintiff is entitled to recover? and if he is not, then the judgment to be entered for the defendant *non obstante veredicto:*"

The court entered judgment on the reserved question in favor of plaintiff; and this entry was assigned for error.

*J. M. Acheson*, for plaintiff in error.—Can the authority to open and widen "streets, lanes or alleys" be so extended as to embrace the case of a turnpike road exercising its franchises within the city limits? Does the word "streets" comprehend within its meaning a toll road acting under a grant of authority from the state? This case is ruled by Wilson *v.* Allegheny City, 29 P. F. Smith 272.

If this defence is not available against the scire facias, the practical effect would be to exclude all defences except payment or satisfaction. This case is distinguishable from Pittsburgh *v.* Cluley, 24 P. F. Smith 262; Western Penn. Railroad Co. *v.* City of Allegheny, 2 W. N. C. 229.

*W. B. Rodgers*, City Solicitor, for the city.—In The State *v.* New Brunswick, 1 Vroom 395, and between the same parties, 3 Vroom 551, the power of a city to grade a turnpike, which was also a city street, was sustained.

The confirmation of the viewers' report is conclusive upon the defendant: Pittsburgh v. Cluley, *supra;* West Penn Railroad Co. v. City of Allegheny, *supra.*

Mr. Justice PAXSON delivered the opinion of the court, November 19th 1877.

The main question in this case is ruled by Wilson v. The City of Allegheny, 29 P. F. Smith 272, in which it was held that where an Act of Assembly authorized the city of Allegheny to lay out, widen and extend the streets of the city and to grade and pave the same, and to levy and collect the value of property taken or damages done, by assessment on the properties benefited thereby, and the city proceeded in pursuance of said act to grade a chartered toll-road within the city limits, with the consent of the corporation owning said road, that the property abutting on it was not liable to be assessed for the cost. This was a proceeding under the same Act of Assembly to assess the damages for opening and widening the Allegheny and New Brighton Turnpike Road, called in said proceedings the "West End avenue." No attempt appears to have been made by the city to condemn said road; on the contrary, it is still a turnpike road on which toll is charged. It is clear the city authorities had no right to open and widen this turnpike road as one of the streets of the city. So much was decided in Wilson v. The City, *supra,* and it would be a work of supererogation to repeat what the present chief justice has so well said in that case.

It was alleged, however, that this defence should have been taken before the confirmation of the report of the viewers and that it cannot be made upon the scire facias. This is not so, for the reason that the city had no power to assess the property of the plaintiff in error with any portion of the expense of opening the alleged street. The confirmation of the report of the viewers amounts to nothing as respects him.

From what has been said it will be apparent that the 1st, 2d, 3d and 4th assignments of error must be sustained.

> The judgment is reversed, and judgment *non obstante veredicto* is ordered to be entered for the defendant below.