# Philadelphia, Appellant, *v.* Elbridge E. Nock, Owner, David F. Wagner et al., Registered Owners.

*Municipal liens—Road law—Sewers—Assessment of benefits—Lis pendens —Division of lot.*

A jury of view having assessed benefits for a sewer on proceedings to charge the lot as it abutted when the work was done and the benefit accrued, the division of the tract into lots and sale of certain of them pending the filing of the report, but after proceedings instituted, will not relieve from liability for the claim for benefits. The vendees took with record notice of lis pendens and subject to contribution to the total benefits assessed. If they were parts of the original abutting tract they are assessable and the plea of want of jurisdiction falls.

*Benefit assessments—Finality of report of viewers unappealed from.*

Benefits having been assessed and the report standing unappealed from a lot owner cannot in a suit on the claim raise the question of liability limited to cost of an adequate branch sewer.

*Sewers on other streets no defense to a lien.*

The land being otherwise liable to assessment the fact that other and adequate sewers have been constructed on other streets and have been paid for does not relieve.

Argued Oct. 12, 1899. Appeal, No. 153, Oct. T., 1899, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 1783, M. L. D., on case stated. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by W. W. PORTER, J.

Claim for $300 for constructing Mill Creek sewer. Before the court in banc.

It appears from the case stated that the city of Philadelphia

has filed a municipal claim for $300 as benefits occasioned by the construction of the Mill Creek sewer to a certain large tract of land therein described. That on June 22, 1893, a petition for the appointment of viewers under the act of May 16, 1891, was filed to No. 253, June term, 1893, common pleas No. 2, Philadelphia. That a jury of viewers was appointed by the court, who on October 25, 1894, filed a report, by which the land in question was assessed at the sum of $300 for benefits arising from the construction of said sewer and said report was on May 24, 1895, duly confirmed by the court. On November 23, 1895, the above mentioned claims for benefits were filed in the above entitled case. That the premises in question were on June 18, 1892, conveyed to Nock, and on March 22, 1894, Nock conveyed the premises to William A. Arthur, and Arthur on the same day, divided the premises in question into forty separate lots and later on the same day conveyed each of said separate lots by separate deeds to one Arthur Campbell, reserving out of said lots a ground rent. Afterwards, on the same day, Campbell conveyed each of said separate forty lots to James Arthur and all the deeds were recorded on March 22, 1894. That upon the recording of said deeds, the division of said tract into forty separate lots was made in and appeared upon the books of the survey department of the city of Philadelphia. That there have since been various conveyances, by deeds duly recorded, of the forty lots aforesaid, including the deeds in the above mentioned registered owners, defendants herein. That Mill Creek sewer is a main sewer and was finished on February 26, 1892. That 55½ street, when said Mill Creek sewer was constructed and completed, was not upon the city plan, and the land now therein included was, when said sewer was laid out and completed, private property, and so remained until December 26, 1892, when said land was dedicated by its owners to public use as a highway and since called 55½ street. That the said James Arthur in the month of September, 1894, laid and paid for a fifteen inch pipe sewer in Jefferson street, between 55½ street and 56th street, for the drainage of the portion of the premises above described and properties fronting on Jefferson street. That a public sewer three feet two inches in diameter was laid in the bed of 56th street, between Hunter's avenue and Jefferson street, in December, 1893, and in front of the premises and

properties included in the above description which abut thereon, into which said premises and properties drain, which premises and properties have paid their full proportion of the cost thereof, and all charge against them for the same. That a public sewer was also laid in November, 1893, in Hunter's avenue. That none of the premises and forty properties above described drain directly into said Mill Creek sewer, but all of them drain directly into the said sewers in Jefferson street, 56th street, or Hunter's avenue, which latter sewers are sufficient for the entire drainage of the premises and forty lots above described.

The court entered judgment on the case stated for defendants. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant on the case stated.

*James Alcorn*, assistant city solicitor, with him *David Lavis*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellant.—In the proceeding of scire facias, which was entered upon the lien for benefits, the defendants are limited in their defenses to two grounds, to wit: (*a*) Want of authority. (*b*) Notice.

The defendant was allowed to set up want of authority as a defense to a scire facias in the case of Breed v. Allegheny, 85 Pa. 214, and want of notice was allowed as a defense in the case of Hershberger v. Pittsburg, 115 Pa. 78.

Since neither of these defenses is raised in the present case, the defendants are concluded by the confirmation of the viewers' report. See Western Penna. Railroad Co. v. The City of Allegheny, 2 W. N. C. 229.

The confirmation of the report must be regarded as conclusive of the assessment: Pittsburg v. Cluley, 74 Pa. 262.

That the defendants' properties may be drained by other sewers than the Mill Creek sewer, and that the Mill Creek sewer may not be of any benefit to their properties, is not material: Michener v. City, 118 Pa. 535.

The defendants' properties prior to the subdivision were by a jury of view duly assessed benefits for the construction of a sewer in front thereof, in accordance with the act of assembly. The defenses which the defendants propose to make to the scire

facias were such as should have been made before the jury of view, or in the court of common pleas, on exceptions or appeal. After the confirmation of the report of the viewers it is too late to make those defenses.

Whether or not the defendants' properties have been benefited by the construction of the sewer is res adjudicata, and that question cannot be reopened in proceedings upon the lien. The jury of view determine that, and the final confirmation of their report concluded the defendants, so far as the actual benefit and amount thereof is concerned.

*Alfred R. Haig*, with him *Henry C. Thompson, Jr., Dwight M. Lowrey* and *William F. Harrity*, for appellees.—The appellant seems to rely upon a single point: that the confirmation of the viewers' report is conclusive of all the issues of law raised by the case stated, notwithstanding the very purpose of a case stated is to impart to facts ascertained by consent the judicial certainty requisite to enable the court to pass upon the law and give judgment on the whole: McLughan v. Bovard, 4 Watts, 308. The confirmation of the viewers' report "amounts to nothing:" Breed v. Allegheny, 85 Pa. 214.

It is a settled rule that want of jurisdiction may be taken advantage of at any time: Stearly's Appeal, 3 Grant, 270; Breed v. Allegheny, 85 Pa. 214.

The cases relied on by the city are all clearly distinguishable. Not one was a case of void assessment.

Under the recent and decisive cases, Park Av. Sewer, 169 Pa. 433, Beechwood Av. Sewer, 179 Pa. 490, Borough v. Tarbottom, 9 Pa. Superior Ct. 414, and In re Orkney St., 9 Pa. Superior Ct. 604, the judgment was properly given for the defendants.

OPINION BY WILLIAM W. PORTER, J., November 20, 1899:

According to the case stated, on June 22, 1893, the petition for the appointment of viewers was presented. On October 25, 1894, the report of the jury was filed assessing the land described, $300 for benefits arising from the construction of Mill Creek sewer. On May 24, 1895, the report was confirmed by the court. On November 23, 1895, the claim was filed in this case. On March 22, 1894, the land was conveyed by Nock

to William A. Arthur, who, on the same day, divided the tract into forty separate lots, and conveyed them separately to Campbell, reserving ground rents. Campbell on the same day conveyed the lots to James Arthur. All of these deeds were recorded on March 22, 1894, and the division into lots subsequently appeared upon the books of the survey department of the city. Since then there have been some conveyances of the said lots.

These dates are important in that they show that at the inception of the proceedings before the viewers, the land was an undivided tract abutting upon the sewer, and that, at the time the conveyances were executed, splitting the tract up; the report of the jury had not been filed.

The contention of the appellant is that the finding of the jury of view is conclusive upon the defendants in this proceeding on the lien, filed pursuant to the confirmed report. In Pittsburg v. Cluley, 74 Pa. 262, Mr. Justice WILLIAMS makes clear the effect to be given to the report of a jury of view. He say: " The confirmation of the report has all the legal effects and incidents of a judgment or a decree of a court of competent jurisdiction, one of which is, that it must be treated as valid and binding until reversed or set aside, and cannot be assailed except for fraud or collusion . . . . The defendant had notice of the proceedings and did not appeal to the councils or apply to the court of quarter sessions, to have the assessment set aside or abated on the ground that it was inequitable or unjust. . . . The confirmation of the report must be regarded as conclusive of the assessment." See also Railroad Company v. City of Allegheny, 2 W. N. C. 229. The court below filed no opinion. We are thus not informed as to the ground upon which they entered judgment for the defendant. From the appellee's argument it appears that he seeks to sustain the judgment on the ground, first, that the lands of the defendants since the division of the tract into separate lots, are not property abutting upon the sewer improvement; are not specially benefited, and therefore that the jury of view were without jurisdiction to assess. When the proceedings before the jury were commenced, and for a part of the time that they were pending, the tract of land against which the lien is filed was abutting upon the sewer and liable to assessment. The

fact that it was benefited has been finally determined by the report of the jury as confirmed. The doctrine asserted in Morewood Avenue, 159 Pa. 20, is that, "Assessment for benefits to pay for public improvements can only be defended upon the ground that the benefits are local and essentially peculiar to the very property assessed, and then it can only be done once. This can only be the case where the property assessed abuts directly upon the line of the improvement." "Morewood Avenue," as was said in Re Orkney Street, 9 Pa. Superior Ct. 614, "has been followed and the principle upon which it was decided, applied to sewer assessments, notwithstanding the argument, that a public sewer is a special benefit to all the properties situated in the same watershed." See cases cited. By the division of the original tract some of the lots created became nonabutting. Does this relieve them from bearing their share of the assessment? We think not. The proceeding was to charge the tract as it abutted when the work was done, and the benefits accrued. When the division was made, had the lots remained in the same owner without marks of subdivision upon the ground, they would not have escaped liability, even though the division had been noted upon the city registry: Chester v. Eyre, 181 Pa. 642. When the title to the lots passed to others, they took with record notice of lis pendens and subject to contribution to the total benefit assessed. If the new owner had defense to make by reason of the severance of his lot from the main tract, it was his duty to intervene in the proceeding pending or be barred by the report when confirmed. See Hershey v. Turbett, 27 Pa. 418, 428. True there remained to such an one or to any property owner whose land is assessed for benefits, the right to defend against the lien on the ground of want of authority for the original proceeding : Breed v. Allegheny, 85 Pa. 214. Here, however, the only ground for such a defense is that the defendant's lots were nonabutting and therefore nonassessable. To this we answer, the lots were parts of the whole tract which abutted, and, so far as the proceedings to assess benefits are concerned, they remained so. If then they are parts of the abutting tract they are assessable and the plea of want of jurisdiction falls.

The appellee urges further that the lien itself is defective

because it is filed against one tract instead of against forty lots in the names of several persons.

The lien as filed conforms to the assessment as made by the jury. The assessment was against the abutting tract as it stood when to it accrued the benefits found by the jury. To require the city solicitor in such a case to apportion the lien among the several holders of portions of the tract would be imposing duties beyond his powers. The adjustment of proportions would be a determination by him of the rights of contribution among the several owners. This would lead to endless disputes and inequitable results. It would be in effect the assumption by the city's law officer of judicial powers with which he is not clothed.

Again it is said that the sewer constructed was larger than was required for the use of adjacent property, and was in fact a section of a large public improvement. From this it is argued that the lien is invalid. There are cases (as Park Avenue Sewer, 169 Pa. 433) which hold that the abutting owner cannot be assessed for the whole cost of a main sewer intended to drain lands further removed from the point of discharge, and that such an owner is liable only for such proportion of the cost as would pay for a branch sewer sufficient to give the benefits of sewerage to his property. This, however, has been held in cases of appeal or exceptions to the report of the jury of view. After the report has been confirmed, such a readjustment of amounts, if entered upon in a defense to the lien, would be in disregard of the effect to be given to the record of the confirmed report of the jury of view.

This is an answer to the appellee's argument, but it may not be amiss to add that the amount of the assessment would seem to indicate that the jury of view had in contemplation the standard of obligation contended for by the appellee.

It is further urged that some of the lots of the defendants front on other streets ; that upon these streets sewers have been constructed and paid for by the defendants ; that these sewers sufficiently drain the defendants' lots and that the defendants therefore should not be required to pay the present assessment. This position is not tenable. If, as we have shown, the land is liable for the assessment, the fact that other and adequate

sewers have been constructed on other streets and have been paid for, does not relieve : Michener v. Phila., 118 Pa. 535.

The judgment of the court below is reversed and judgment is now entered for the plaintiff for $300 with interest from November 23, 1895, in accordance with the terms of the case stated.