## Olyphant Borough Sewer.　O'Malley's Appeal.

*Sewers—Exceptions to report of viewers—Boroughs—Act of May 16, 1891, P. L. 75.*

A taxpayer of a borough who has no property taken, injured or destroyed by the construction of a sewer, has no standing to file exceptions to the report of a jury appointed under the Act of May 16, 1891, P. L. 75, to assess damages and benefits resulting from the construction of the sewer.

MITCHELL, J., dissents.

Argued Feb. 25, 1901. Appeal, No. 232, Jan. T., 1900, by Charles P. O'Malley, from order of C. P. Lackawanna Co.,

Sept. T., 1898, No. 980, confirming report of jurors in the matter of the construction of a sewer in the first sewer district of the borough of Olyphant. Before McCOLLUM, C. J., MITCHELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of viewers.

The exceptions were filed by Charles P. O'Malley in his own behalf and in behalf of such others of the taxpayers of the borough of Olyphant as might desire to join in the exceptions. The exceptions were as follows:

1. The erection and construction of the sewer was illegal, for the reason that the ordinance, under which the said sewer purported to have been constructed was not a valid ordinance of the borough of Olyphant, for the reason that a previous ordinance was in full force in said borough of Olyphant, inconsistent with the terms and provisions of the ordinance under which the sewer was constructed, and had never been repealed.

2. The ordinance under which the said sewer was constructed never became operative as a legal ordinance of said borough, for the reason that it had never been recorded in the ordinance book of said borough, as required by law.

3. The entire proceedings are illegal and void, for the reason that no petition from a majority of the property owners fronting on the line of the proposed sewer, nor from a majority of the property owners by foot front measurement, was ever presented to the council of the said borough, petitioning for the sewer, as required by law.

4. No ordinance was ever legally enacted into a law by the corporate authorities of the borough of Olyphant, authorizing the construction of the said sewer.

5. The assessment of $2,603.53 upon the borough of Olyphant as a municipality, in this case, is illegal and should be set aside, for the reason that such assessment is an increase of the indebtedness of said borough, and the indebtedness of the borough is now largely in excess of the constitutional limit of two per cent of the assessed valuation of all the taxable property within the limits of the said borough; and its indebtedness cannot be increased to any amount whatever without the assent of the electors of the said borough, and no such assent of the electors has ever been obtained.

6. The plans and specifications, under which said sewer purports to have been constructed, were never legally adopted by the authorities of the borough of Olyphant, and the same were never made a part of any ordinance, nor recorded in any of the borough books, as required by law. And the said work is illegal, for the reason that the minutes referring to the same have never been approved by the burgess of the borough and the president of the town council.

7. The report does not correctly state all the damages, for the reason that, in the construction of the said sewer, without complying with the law, the lands of private persons were entered upon and occupied, and no proceedings were taken or had to secure the right to enter upon the said land under the right of eminent domain, or in any other manner; and the construction of said sewer upon the land of private parties is illegal and void, there being no authority in the law for the same, without proceedings to condemn the land having been previously taken.

The exceptions were dismissed in an opinion by EDWARDS, J., on the ground that Charles P. O'Malley had no standing to file exceptions.

*Error assigned* was the order of the court.

*Everett Warren*, of *Willard, Warren & Knapp*, for appellant. —The exceptant has a standing in the present proceedings: Riebe v. Lansford Borough, 22 Pa. C. C. R. 40; Aiken Ave., 1 Pa. Dist. Rep. 779; Omega Street, 152 Pa. 129; Young's App., 155 Pa. 623.

*F. M. Lynch*, for appellee.—Exceptant had no standing to file exceptions: Penna. Steel Co.'s App., 161 Pa. 571; Riebe v. Lansford Borough, 8 Pa. Dist. Rep. 356; Omega Street, 152 Pa. 131; Pittsburg's Petition, 179 Pa. 630; Aiken Ave., 1 Pa. Dist. Rep. 778; Young's App., 155 Pa. 623.

OPINION BY MR. JUSTICE MESTREZAT, March 11, 1901:

This was a proceeding under the Act of May 16, 1891, P. L. 75, Purd. 1399, by the borough of Olyphant in Lackawanna county for the assessment of the costs, damages and benefits

arising from the construction of a sewer in the first sewer district of said borough. Viewers were appointed by the court of common pleas on August 15, 1898, and filed their report on March 13, 1899. Exceptions to this report were filed by Charles P. O'Malley, an owner of property in Olyphant borough and a nonresident taxpayer therein. Mr. O'Malley owned no real estate in the first sewer district, and consequently no lot along the line of the improvement. He did not appear before the viewers nor raise any question for them to determine. The viewers assessed part of the costs of the construction of the sewer on the borough and for this reason he claims that, as a taxpayer, he was entitled to be heard on exceptions to the report of the viewers, one of which exceptions involved the increase of the indebtedness of the borough beyond the constitutional limit. The court below confirmed the report of viewers January 23, 1900, and held that Mr. O'Malley was not a person interested in contemplation of the act under which these proceedings were instituted, entitling him to file exceptions to the report of viewers. This is the single question for consideration.

The act of assembly authorizes the municipality to " take, use, occupy or injure private lands " in the construction of sewers, and provides the course of procedure in effecting the purpose. The act of 1891 provides for the appointment of viewers who are directed by the 2d section to " estimate and determine the damages for property taken, injured or destroyed, to whom the same is payable, and having so estimated and determined the damages, together with the benefits as hereinafter mentioned, they shall prepare a schedule thereof and give notice to all parties to whom damages are allowed, or upon whom assessments for benefits are made, of a time . . . . and place where said viewers will meet and exhibit said schedule and hear all exceptions thereto and evidence." Such parties are, of course, those damaged or benefited by the improvement. After hearing the parties, the viewers are required to make such changes in their assessments as they may deem necessary, and to make a report to the court showing the damages and benefits assessed in each case, and to " file therewith a plan showing the improvement, the properties taken, injured or destroyed, and the properties benefited thereby."

The 6th section of the act provides that " upon the report

of said viewers, or any two of them, being filed in said court, any party may, within thirty days thereafter, file exceptions to the same, and the court shall have power to confirm said report or to modify, change or otherwise correct the same, or change the assessments made therein, or refer the same back to the same or new viewers, with like power as to their report. Or, within thirty days from the filing of any report in court, any party whose property is taken, injured or destroyed, may appeal and demand a trial by jury, and any party interested in any assessment of damages or benefits, may, within thirty days, after final decree, have an appeal to the Supreme Court."

In Pennsylvania Steel Company's Appeal, 161 Pa. 574, the late Chief Justice, STERRETT, in construing this section of the act, says that the words " any party " who is entitled to file exceptions to a report of viewers means " any party interested in the proceeding," while the right to appeal and demand a jury trial is restricted to " any party whose property is taken, injured or destroyed," and that the right to appeal to the Supreme Court is given to " any party interested in any assessment of damages or benefits."

The provisions of the act recited above show that the viewers in performance of their statutory duty, and the court on exceptions, are required to deal with the parties who are directly affected by their action which includes the municipality, and that such parties are the parties interested in contemplation of the statute, and permitted to except to the action of the viewers. The whole scope of the act shows, as the title indicates, that it is " an act in relation to the construction of sewers and payment of the damages, costs and expenses thereof," and hence that the parties interested who may file exceptions within the meaning of its terms are those directly, and not remotely, affected by the proceedings under it. A taxpayer could not object to the appointment of viewers and assign as reasons therefor those contained in the exceptions, because it could not be known that he would be affected in any way until the fact was judicially determined by a confirmation of the report of the viewers. He cannot be heard before the viewers, as they are not authorized to determine the questions he raises. The learned counsel for exceptant frankly and we think, very properly, concede that their client " had no property taken, injured or destroyed, and can

make no complaint of the assessment of damages or benefits by the viewers ; that he had no reason to go before the viewers and the viewers can afford him no relief." It is also admitted that the questions sought to be raised by the appellant on the exceptions could not be considered nor determined by the viewers. It is, therefore, evident that appellant's exceptions go to the right of the court to appoint viewers in the first instance, rather than to the action of the viewers taken in pursuance of their appointment. They deny the right of the court to create the tribunal for the assessment of damages and benefits, rather than except to what it did under the authority conferred on it by the statute.

Such being the status of the appellant we are of the opinion that the court below did not err in holding that he had no standing to except to the action of the viewers. The object of the statute was to provide a proceeding by which landowners who were directly benefited by the improvement should contribute to those who were directly injured by it. Hence they and the municipality which might be compelled to pay a part or all the damages as might be determined by the viewers are parties interested in contemplation of the act. The landowners thus affected are entitled to be heard before the viewers, to receive notice of the assessment, and concededly have the right to except to, and appeal from, the report of viewers. But it would be singular indeed if a party could except to the action of a tribunal before which he had no right to appear or be heard, on matters which it is required to determine and in which he has no interest. It would be equally remarkable for the court on exceptions to review the action of that tribunal when the latter had no power or authority to hear or grant the request of the exceptant. Such, we think, is not the proper construction of the statute under consideration.

The appellant as a taxpayer of Olyphant borough will unquestionably be affected if these proceedings are carried to their consummation by the collection of the damages assessed against the borough. But that is not the question for determination here. We are now concerned only with the interpretation of the statute under which these proceedings were had, and whether its provisions afford relief to the appellant for his alleged injuries. We think they do not, and that he must seek a remedy

in another tribunal. The principal exception filed by the appellant and which he claims to be decisive against the right to maintain these proceedings raises a constitutional question which, if determined in his favor, ousts the authority of the court to appoint viewers, and invalidates all their proceedings. It does not raise any question as to the action of the viewers on any matters submitted to them, or as to the regularity of the proceedings before them. Its only claim is that a constitutional provision denies the right to institute and maintain the proceedings, and hence they are illegal and void. If the appellant's contention is correct, he as a taxpayer of the borough can enforce the constitutional mandate in the proper forum, but not in this tribunal under the act of 1891. In a judgment entered this day in the case of O'Malley v. Olyphant Borough et al., ante, p. 525, arising out of the construction of this sewer, we have granted the appellant here the relief which he seeks to obtain in this proceeding.

The assignments of error are overruled and the judgment is affirmed.

MITCHELL, J., dissents.