# Carrick, Appellant, *v.* Canevin.

*Real property—Title to land—Roman Catholic bishop—Trustee for congregation.*

1. A Roman Catholic bishop holding title to land for the use of a congregation has neither interest in the estate nor power to control it or direct its management; he has no duties to perform and no discretion but is simply a passive, silent depository of the legal title, without interest and without power.

*Municipalities—Assessments for benefits—Notice—Act of May 16, 1891, P. L. 75—Notice to property owner—Insufficient notice.*

2. The Act of May 16, 1891, P. L. 75, providing for notice by the viewers "to all parties......upon whom assessments for benefits are made" is not complied with by a notice addressed to a Roman Catholic bishop as "trustee" without describing the premises to be assessed, or naming the cestui que trust, and the real owners of the property are not put on notice of the proceedings thereby.

3. If the want of jurisdiction of a board of viewers appointed to assess benefits appears on the face of a record it may be taken advantage of at any time, but if the question of jurisdiction to assess a particular property depends upon a fact concerning the character of the property which has been found adversely to the owner, such finding will bind him in an action of scire facias upon the claim, where he has had an opportunity to be heard. When, however, such property owner did not appear before the viewers and has had no opportunity to produce his defense, he may make his defense in his answer to the scire facias.

*Constitutional law—Constitution of Pennsylvania, Article III, Section 3—Act of June 4, 1901, P. L. 364—Act of March 19, 1903, P. L. 41.*

4. Section 5 of the Act of June 5, 1901, P. L. 364, as amended by the Act of March 19, 1903, P. L. 41, providing in effect that places of burial not used or held for private or corporate profit shall not be subject to tax or municipal claims, except for the recurbing, repaving or repairing of the footwalks in front thereof, is germane to the principal purpose of the act and does not violate Article III, Section 3, of the Constitution as containing subject matter not sufficiently expressed in the title.

*Municipal claims—Claim for grading, curbing and paving road —Cemetery—Exemption—Award of jury—Scire facias—Parties— Defenses—Jurisdiction—Affidavit of defense.*

5. On a scire facias sur municipal claim for grading, curbing and paving a road in front of a cemetery, owned by a Roman Catholic congregation, the title to which was vested in the bishop as trustee for the congregation, the bishop, and by leave of court, the congregation, each filed an affidavit of defense alleging that the congregation was an unincorporated religious body subject to the Bishop's jurisdiction; that it owned the property against which the claim was filed; that the bishop was not the owner, reputed owner or registered owner thereof, but the mere custodian of the legal title and that no notice of the place where the jurors would meet and exhibit their schedule was given to the congregation, the real owners and reputed and registered owners or to any officer or member thereof; that the only notice given was addressed to the "Rt. Rev. Regis Canevin, Trustee," without designating the premises to be assessed or stating for whom he was trustee; that the congregation had had no opportunity to appear before the viewers or to exercise their rights to file exceptions or appeal to the Common Pleas; that the cemetery property was exempt from assessment, but that the congregation had had no opportunity to raise their claim of exemption. On rule for judgment for want of a sufficient affidavit of defense, plaintiff contended that the allegations concerning the lack of due legal notice were insufficient; that defendant's claim for exemption should have been made before the viewers and that the Act of June 4, 1901, P. L. 364, Section 5, as amended by the Act of March 19, 1903, P. L. 41, was unconstitutional as containing subject matter not expressed in the title. The court discharged the rule. *Held*, no error.

Argued Oct. 22, 1913. Appeal, No. 68, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., July T., 1912, No. 2966, Docket B, discharging rule for judgment for want of a sufficient affidavit of defense, in case of the Borough of Carrick v. Rt. Rev. Regis Canevin, Trustee of St. Joseph's Congregation. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Scire facias sur municipal claim for grading, curbing and paving.

Rule for judgment for want of a sufficient affidavit of defense.  Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule.  Plaintiff appealed.

*Error assigned* was in discharging the rule.

*E. B. Strassburger,* with him *W. H. Lemon,* for appellant.—The allegations of want of service are insufficient.

The viewers' report cannot be attacked in a collateral proceeding: Tarentum Borough v. Presbyterian Church of Tarentum, 57 Pitts. Leg. J. 303; Sheraden v. Methodist Church, 58 Pitts. Leg. J. 396; Western Penna. R. R. Co. v. Allegheny, 2 W. N. C. 229; Hershberger v. Pittsburgh, 115 Pa. 78; Myers v. So. Bethlehem Borough, 149 Pa. 85; Second Avenue, 7 Pa. Superior Ct. 55.

Section 5 of the Act of June 4, 1901, P. L. 364, as amended by the Act of March 19, 1903, P. L. 41, is unconstitutional as containing subject matter not expressed in the title: Juniata Twp. Bridge, 31 Pa. C. C. R. 277; Com. v. Braymer, 33 Pa. C. C. R. 209; Com. v. Ramuno, 16 Pa. D. R. 449; Com. v. Strail, 16 Pa. D. R. 891; Kaufman's Petition, 36 Pa. C. C. R. 1; Marysville Water Co. v. Ry. Co., 13 Pa. D. R. 365; Comm'rs. of Twp. v. Rys. Co., 56 Pitts. Leg. J. 415; Sugar Notch Boro., 192 Pa. 349; Road In Phœnixville, 109 Pa. 44; Pittsburgh v. Calvary Cemetery Ass'n, 44 Pa. Superior Ct. 289; Sewickley Boro. v. Sholes, 118 Pa. 165; Philadelphia v. Barber, 160 Pa. 123; Otto Township Road, 2 Pa. Superior Ct. 20; Dorsey's App., 72 Pa. 192; Pierie v. Philadelphia, 139 Pa. 573; Gackenbach v. Lehigh County, 166 Pa. 448; Com. v. Samuels, 163 Pa. 283; Mansfield's Case, 22 Pa. Superior Ct. 224; Com. v. Luckey, 31 Pa. Superior Ct. 441; Stegmaier v. Jones, 203 Pa. 47; Dailey v. Potter Co., 203 Pa. 593; Quinn v. Cumberland Co., 162 Pa. 55; Bennett v. Sullivan

County, 29 Pa. Superior Ct. 120; Weiss v. Swift & Co.,
36 Pa. Superior Ct. 376; Com. v. Kebort, 212 Pa. 289.

*W. C. McClure,* for appellee.—The requirements of the
act of assembly as to notice were not complied with:
Krauczunas v. Hoban, 221 Pa. 213; Sheraden v. Metho-
dist Church, 58 Pitts. Leg. J. 396; Corry v. Corry Chair
Co., 18 Pa. Superior Ct. 271; Breed v. Allegheny, 85 Pa.
214; Hershberger v. Pittsburgh, 115 Pa. 78.

Section 5 of the Act of June 4, 1901, P. L. 364, as
amended by the Act of March 19, 1903, P. L. 41, is not un-
constitutional: Com. v. Immel, 33 Pa. Superior Ct. 388;
Com. v. Herr, 229 Pa. 132; Bridgewater Boro. v. Bridge
Co., 210 Pa. 105; State Line & Juniata R. R. Co.'s App.,
77 Pa. 429; Carothers v. Philadelphia Co., 118 Pa. 468;
Dailey v. Potter Co., 203 Pa. 593; Com. v. Kebort, 26
Pa. Superior Ct. 524; Pittsburgh v. Calvary Cemetery
Ass'n, 44 Pa. Superior Ct. 289; Sugar Notch Boro., 192
Pa. 349; Stegmaier v. Jones, 203 Pa. 47; Com. v. Darm-
ska, 35 Pa. Superior Ct. 580; Weiss v. Swift & Co., 36
Pa. Superior Ct. 376; Gilbert's Est., 227 Pa. 648; Road
in Phœnixville Boro., 109 Pa. 44; Com. v. Johns, 4 Pa.
Superior Ct. 362; Com. v. Kenney, 32 Pa. Superior Ct.
544.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5,
1914:

The plaintiff borough has appealed from an order dis-
charging a rule for judgment for want of a sufficient
affidavit of defense to a sci. fa. sur municipal claim for
grading, paving and curbing a certain road in front of
a cemetery property owned by the intervening defendant.

The claim was originally filed against the "Rt. Rev.
Regis Canevin, trustee for St. Joseph's Congregation,"
but the cestui que trust was subsequently permitted to
intervene. The trustee filed an affidavit of defense in
which he averred that St. Joseph's Congregation was an
unincorporated religious association subject to his juris-

diction as Catholic bishop of the diocese of Pittsburgh; that it owned and maintained the property against which the claim was filed as a place of burial; that the legal title thereto was placed in the affiant as trustee for said congregation in accordance with the laws and usages of the church; that the property was not "used or held for private or corporate profit"; that the improvement covered by the claim was "to the road or cartway" and was not for "the recurbing, paving, repaving or repairing of the footways" in front of the property; that "he is not the owner, or reputed owner or registered owner of the property," and that he never was the owner; that his only connection with the property was as "the mere custodian of the legal title," and that "the management, control and real ownership of said property was vested in St. Joseph's Congregation"; that no notice of the time and place where the jurors would meet and exhibit their schedule was given to St. Joseph's Congregation "the real owners aforesaid, and the reputed and registered owners," or to "the pastor or any officer or member thereof" in any manner whatsoever, and that St. Joseph's Congregation, its officers or members in fact had no notice; that the notice by publication of the filing of the viewers' report containing the schedule of damages and benefits "does not show any assessments against St. Joseph's Congregation, its officers or members,......nor does it anywhere contain the name of St. Joseph's Congregation, its officers or members," although certain persons named and well-known to be members of St. Joseph's Congregation were residents of the plaintiff borough. The president and secretary of the association, "in behalf of all other members of St. Joseph's Congregation," also filed an affidavit of defense containing substantially the same averments.

In addition to stating the facts relied upon, the affidavits call attention to the provisions of section 5 of the Act of June 4, 1901, P. L. 364, as amended by the Act of March 19, 1903, P. L. 41, to the effect that "places of

burial not used or held for private or corporate profit
......shall not be subject to tax or municipal claims ex-
cept for......the recurbing, paving, repaving, or repair-
ing of the footways in front thereof," and to the Act of
May 16, 1891, P. L. 75, which provides for notice by the
viewers to "all parties......upon whom assessments for
benefits are made," and for the filing of exceptions and
taking of appeals to the Common Pleas by such parties
(secs. 2 and 6). The intervening defendants contend
that the notices in this case, which were simply ad-
dressed to the Rt. Rev. Regis Canevin, trustee, without
designating the premises or stating for whom he was
trustee, were not sufficient actual or legal notification
to the real owners of the property sought to be charged;
further, that such notices afforded them no opportunity
to appear before the viewers or to exercise their right to
file exceptions or appeal to the Common Pleas, and thus
to raise their claim or exemption. In answer, the plain-
tiff contends, first, that the averments in the affidavits
of defense concerning the lack of due legal notice are
insufficient; second, that the intervening defendants'
claim should have been made before the viewers, and the
report of that tribunal having been confirmed, the right
to the exemption cannot now be set up as a defense to
the sci. fa.; third, that the Acts of 1901 and 1903, supra,
so far as they grant the exemption claimed, are unconsti-
tutional because of defects in title.

Even though the affidavits be read as impliedly admit-
ting notice to the "Rt. Rev. Regis Canevin, trustee," yet,
we are of opinion that, under the circumstances, such
notice was not sufficient. Aside from the question
whether the designation, "Rt. Rev. Regis Canevin, trus-
tee," without describing the premises or naming the
cestui que trust, was in fact enough to put the bishop
(who holds a great number of properties for different
congregations and who actually had several separate
and distinct pieces of real estate along this improvement
in his name as trustee), on notice, the legal point arises,

—Was such notification sufficient to put the real owners on notice? In Krauczunas v. Hoban, 221 Pa. 213, p. 221, we held that a trust such as in this case was, "as dry and passive as any that can be conceived," saying, "It gives to the trustee neither interest in the estate nor power to control it or direct its management in any way; it creates no duties for the trustee to perform, and leaves nothing to his discretion; he is simply the passive, silent depository of the legal title and nothing more...... (p. 222) without interest and without power...... (p. 224). Under the law the effect of the original conveyance was to vest the ownership of the property in the congregation...... (p. 225). This legislation in most unequivocal terms (Act of April 26, 1855, P. L. 328, sec. 7) confirms to every religious society, incorporated or unincorporated, the absolute ownership of its property......: (p. 226). The defendant is trustee of the legal title to the property for the exclusive use of said congregation without any interest therein or any right or power." Also see, Mazaika v. Krauczunas, 233 Pa. 138. In Olyphant Boro., 198 Pa. 534, we construed the Act of 1891, supra, and decided that (p. 538), the only "parties" who may file exceptions within the meaning of its terms are those "directly" affected, and we there cite Pennsylvania Steel Co.'s App., 161 Pa. 571, where in construing the same act we call attention to the fact that the right of appeal to the Common Pleas is restricted to one "whose property" is taken, injured or destroyed. The affidavits of defense aver that Bishop Canevin was not the actual or registered owner of the property in question, and under the interpretation of the relevant acts of assembly discussed in the cases just referred to, it is apparent that, as the mere "passive depository of the legal title," he had no power and was not fixed with any duty to join issue before the viewers, or to file exceptions or appeal to the Common Pleas; hence the real owner, who never had notice of the original proceedings, has not as yet had an opportunity to be heard. Under these circum-

stances, we have held (Hershburger v. Pittsburgh, 115 Pa. 78, 88) that, "If the defendant had no notice, he had no opportunity to take defense before the viewers or in court; in such cases the confirmation of the report of the viewers amounts to nothing, as respects the defendant; he may make his defense on the scire facias"; also see, Wilson v. Allegheny, 79 Pa. 272; Breed v. Allegheny, 85 Pa. 214.

Although decided under different acts of assembly, the principle of the cases just cited applies here. The intervening defendant desires to present the defense that the viewers had no jurisdiction to assess the property in question. If want of jurisdiction appears on the face of a record, of course, it may be taken advantage of at any time; but if, as here, the question of jurisdiction to assess a particular property is the point involved, and if such authority depends upon findings of fact concerning the character of the property, then if the case has already been before a tribunal with power to determine the facts and the issues were either passed upon or their proponent had an opportunity to present them, should the conclusions of the trial tribunal so indicate, it will be presumed that the facts were determined against him. Where, however, as in this case, the proponent did not appear before the original tribunal and had no opportunity to produce his defense, then he may do so in answer to the scire facias; and this is the rule which governs in the present instance. The cases cited by the appellant do not control the one at bar; in each of them the defendant had due notice and thus was afforded an opportunity to introduce his defense. In Western Penna. R. R. Co. v. Allegheny, 2 W. N. C. 229, the report shows that exceptions were filed in the Common Pleas, and hence, the defendant must be presumed to have had notice; in Pittsburgh v. Cluley, 74 Pa. 262, 264, it appears that "the defendant had notice of the proceedings"; in Corry v. Corry Chair Co., 18 Pa. Superior Ct. 271, 281, the report shows that "the defendant

not only had an opportunity to be heard, but actually appeared and opposed the assessment"; and so in the other cases relied upon.

As to the constitutional point raised by the plaintiff, after examining all the authorities called to our attention, we concur in the recent decision of the Superior Court in Carrick Boro. v. Rt. Rev. Regis Canevin, trustee for St. George's Congregation, 55 Pa. Superior Ct. 233, to the effect that, "the title to these Acts (1901 and 1903, supra), 'providing when, how and upon what property, and to what extent, liens shall be allowed for taxes for municipal improvements......, the procedure upon claims filed therefor, the methods for preserving such liens and enforcing payment of such claims,' meets all the requirements of Art. III, sec. 3, of the Constitution"; further, we feel that the provision pleaded by the defendant is germane to the principal purpose of the acts, and that it is sufficiently indicated in their respective titles.

We do not rule the question of the right to the exemption claimed, for that point is not now before us; but we agree with the learned court below that the defendant should "be given an opportunity to make good its contentions that it was not served properly with a notice of the viewers' proceedings, and thus place itself in a position, beyond question, to present its claim for exemption."

The assignment of error fails to quote totidem verbis the order entered by the court below in making the ruling complained of; but notwithstanding this defect, we have considered the several questions involved, and are not convinced of error.

The judgment is affirmed.