# St. Joseph's Lithuanian Roman Catholic Church's Petition.

*Church law—Title to real estate—Lay members—Acts of April 26, 1855, P. L. 323, and May 20, 1913, P. L. 242.*

1. Under section 7 of the Act of April 26, 1855, P. L. 323, 330, and its amendments, the trustees of a church property hold but the legal title thereto the entire beneficial interest being in the congregation.

2. All the lay members of a church are entitled to vote upon questions relating to the control and disposition of the church property.

3. Nonpayment of dues will not deprive lay members of this right; so long as membership continues, the right likewise continues.

4. Not decided, whether, since the church property was purchased before the passage of the Act of May 20, 1913, P. L. 242, the "control and disposition of the lay members" must be "exercised in accordance with and subject to the rules, regulations, usages, canons, discipline and requirements" of the religious denomination with which the church is connected.

*Appeals—Objections not made in the court below—Amendments.*

5. This court will not consider defects which might have been amended in the court below, had they been called to its attention.

Argued February 15, 1921. Appeal, No. 229, Jan. T., 1921, by John Zernosky, from decree of C. P. Schuylkill Co., Nov. T., 1919, No. 132, overruling exceptions to petition, In re Petition of Trustees of St. Joseph's Lithuanian Roman Catholic Church of Mahanoy City. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for leave to borrow money. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

The court entered a decree in accordance with the prayer of the petition. John Zernosky, a member of the congregation, appealed.

*Error assigned,* inter alia, was above decree, quoting it.

*F. J. Walsh, A. D. Knittle, J. F. Whalen,* with them *M. J. Ryan* and *A. A. Hirst,* for appellant.—A religious congregation is from its very nature a quasi corporation and as such must be governed in its internal actions according to the rules applicable to any corporation and a corporate meeting therefore must be duly convened before action can be taken to bind the corporation: Phipps v. Jones, 20 Pa. 260; Com. v. Read, 2 Ashmead 261; Phila. Straw Braid Sewing Machine Co., 6 Pa. C. C. R. 65.

*Otto E. Farquhar,* with him *Roscoe R. Koch* and *Arthur L. Shay,* for appellees.—The trustees are the proper medium through which the congregation acts and another faction of the church could not nullify their authority or direct that action be taken in some other way: Krauczunas v. Hoban, 221 Pa. 213; Ryan v. Dunzilla, 239 Pa. 486; Beck v. Dech, 231 Pa. 636.

OPINION BY MR. JUSTICE SIMPSON, March 14, 1921:

St. Joseph's Lithuanian Roman Catholic Church of Mahanoy City, Pennsylvania, is an unincorporated religious society, part of whose property is used for a cemetery, and upon the balance have been erected a church, parish house, parsonage and other buildings. Appellees, as trustees of the property, presented a petition to the court below, asking leave to borrow $21,000 for its repair and improvement; appellant, having been given leave to intervene, filed exceptions and an answer, both of which were dismissed and the prayer of the petition granted; thereupon this appeal was taken.

The petition avers that the property consists of five lots purchased between 1889 and 1906, the legal title thereto being held by petitioners as trustees; that notice of a special meeting of the congregation was given by

advertisement in two newspapers and by posting and distributing circulars, but the extent thereof was not stated, nor was it averred or proved that, by the means employed, the lay members of the congregation were or were even likely to have been advised thereof. It is further averred that at the meeting "it was unanimously resolved that your petitioners be authorized to make application to the court" for authority to make the loan; but it is not stated how many were present, how many voted, or what constituted a quorum. Since the petitioners are but dry trustees holding the legal title, and "the entire beneficial interest is in the congregation to be used by it, at its discretion, for such purposes as the law allows" (Krauczunas v. Hoban, 221 Pa. 213; Mazaika v. Krauczunas, 233 Pa. 138; Carrick v. Canevin, 243 Pa. 283), and since also this limitation extends to forbidding the use of the church money, even for religious purposes, without the consent of the congregation (Tuigg v. Treacy, 104 Pa. 493, 500), it follows that the petition was inadequate and doubtless would have been so held by the court below had objection been specifically made on this ground. Upon this appeal, however, we need not consider this matter, since there is a fatal defect covered by one of the exceptions, the dismissal thereof being assigned as error.

In the advertisement of the meeting, as it appears in at least one of the newspapers, it is stated: "Members who have paid dues for 1919, only, allowed at this meeting." This is in direct violation of section 7 of the Act of April 26, 1855, P. L. 328, 330, and the amendatory Acts of June 2, 1887, P. L. 298; May 1, 1907, P. L. 132, and May 20, 1913, P. L. 242, each of which provides: "Section 7. Whensoever any property, real or personal, ......shall hereafter be bequeathed, devised, or conveyed to any ecclesiastical corporation, bishop, ecclesiastic, or other person, for the use of any church, congregation, or religious society, for religious worship or sepulture, or the maintenance of either, the same shall be

taken and held subject to the control and disposition of the lay members of such church, congregation, or religious society, or......of such constituted officers or representatives thereof, as shall be composed of a majority of lay members, citizens of Pennsylvania, having a controlling power according to the rules, regulations, usages, or corporate requirements thereof, so far as consistent herewith."

Under these acts, the property of this congregation always has been and still is "held subject to the control and disposition of the lay members"; and it necessarily follows that,—since a meeting limited to those members who had "paid dues for 1919," was not a meeting of all the "lay members of such church," but only of a part thereof,—the exclusion of the balance of the membership rendered the loan resolution null and void. Doubtless a congregation, by appropriate action taken in a proper way, can provide for a loss of membership by those who will not support the church according to their means; but so long as membership continues, the statute gives to the lay members, one and all, a voice and vote in the "control and disposition" of the church property; they cannot be held to the duties of membership, and at the same time be deprived of the statutory rights arising therefrom. This conclusion necessitates a dismissal of the petition as well as a reversal of the order made.

The main question, viz: whether "the control and disposition of the lay members," is limited, as to these properties, by the provision of the Act of 1913, that it must be "exercised in accordance with and subject to the rules, regulations, usages, canons, discipline and requirements" of the Roman Catholic Church, cannot be decided in this case for want of proper proofs; and we refer to it only to avoid the implication that it was passed upon and overruled.

The decree of the court below is reversed and the petition is dismissed, at the cost of petitioners.