Baden Borough, Appellant, *v.* Chamberlain.

Argued November 12, 1959. Before Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ. (Rhodes, P. J., absent).

*Robert W. Lewis,* for appellant.

*George W. Lucas,* with him *James B. Ceris,* for appellees.

OPINION BY GUNTHER, J., December 17, 1959:

This appeal is from the dismissal of exceptions filed to the findings of a Board of Viewers report. On April 16, 1956, the Borough of Baden in Beaver County enacted an ordinance providing for the construction and laying of a sanitary sewer, approximately seven hundred feet, along the line of North Avenue in said Borough and providing for the assessment of the costs upon the property benefited. The ordinance also provided for the collection of the estimated cost of construction and the assignment of liens to person or persons advancing such funds. The total cost of construction, in the amount of $2,103.06, was advanced by George R. Chamberlain and Luella A. Chamberlain, his wife, appellees. The plans for the construction of said sewer were also provided by appellees, approved by the Borough, and construction of the same was conducted by the Borough with its own employes, and under its supervision. On December 10, 1957, a petition for the appointment of viewers was filed by the Borough in which certain persons were named as defendants. The court below appointed a board of viewers to determine the benefits derived by the owners of the premises along said sewer line. Subsequently, after a view of the premises, it became apparent that some of the own-

ers of the property abutting on the sewer line had not been joined as parties defendant, and the hearing was continued to afford the Borough of Baden an opportunity to amend its petition and include such additional property owners. An amended petition was filed on August 7, 1958, in which certain additional parties were made parties defendant. The viewers filed their report on January 28, 1959, in which assessments for the cost of construction were made against all parties joined on a foot front basis. They also concluded that the Borough of Baden was obligated to assign and transfer to appellees its claim, interest, right and remedies in the assessment by virtue of the payments made by appellees and also by virtue of an agreement to that effect dated April 16, 1956.

No exceptions were filed to the report of the viewers by any of the property owners affected but the Borough of Baden filed exceptions, alleging that the costs of construction should not be assessed against certain property owners on the southerly side of North Avenue and others for the reason that such was not the intention of the Borough and that these properties received no benefit from the construction of the sewer line because these properties were served by other sewer lines. The court below, on February 9, 1959, entered a rule to show cause why the exceptions should not be sustained. After hearing, on June 19, 1959, an order dismissing the exceptions was filed and this appeal followed, alleging that the viewers erred in assessing according to the foot front rule; that the court below failed to correct the inequity of the assessments so found, and that the Borough of Baden has a right to appeal from such errors.

We deem it unnecessary to discuss any of the questions raised except the one relating to the right of appeal. A disposition of this question effectively disposes of this matter.

The Borough of Baden concedes, as it must, that under section 1445 of The Borough Code, 53 P.S. section 46445, it had no right to appeal to the court below for a jury trial because it was not a party whose land or property was taken, injured, or destroyed, or against whom benefits were assessed. It asserts, however, that under section 1435 of the Code, 53 P.S. 46435, it had a right to file exceptions. Said section provides that "Within thirty days after the filing of any report, any party interested may file exceptions to the same; and the court shall confirm, modify, or change the same, or change the assessments made therein, or refer it back to the same or new viewers." This right to file exceptions is claimed on the assumption that the Borough of Baden is a "party interested." It further asserts that its right of appeal is preserved under section 1438 of The Borough Code, 53 P.S. 46438, wherein it is provided that "Within three months after the confirmation of any report, following the filing of exceptions thereto, any party interested may appeal from the decree of the court below to the Superior or Supreme Court, as the case may be."

In *Olyphant Borough Sewer*, 198 Pa. 534, 48 A. 487, the Court held that a borough taxpayer, who has no property taken, injured or destroyed by construction of a sewer, cannot file exceptions to the viewers' report. In the instant case, the viewers found as a fact that the Borough had been paid in full for the work done. It appears, therefore, that the Borough has no other interest in the assessments determined by the viewers. It can neither be aggrieved nor in any manner adversely affected by the assessments determined by the viewers. Neither is it a party adversely affected by the ruling of the court below in dismissing its exception to the viewers' report. The Borough, however, urges that it has the right to protect the interests of the parties who allegedly were inequitably assessed and

it had the right to file not only exceptions to the report but also the right to file an appeal from an adverse ruling on such exceptions. We cannot agree with such contention. We believe that the term "any party interested", as used in the statute, refers to a party whose property is affected, in one way or another, by the assessments as determined by the viewers or a municipality whose claim for reimbursement is adversely affected. Since none of the parties whose properties were involved took exceptions to the report of the viewers, the Borough cannot exercise this right for them. For the same reason, we do not believe the Borough has a right to take an appeal from an adverse determination of these exceptions filed.

In *Chester Municipal Authority v. Delp*, 371 Pa. 600, 92 A. 2d 169, the Court reaffirmed the rule on exceptions as enunciated by us as follows: "Any defect or irregularity in the viewers' report or in the proceeding before the viewers is to be raised upon exceptions, for a question of law is then involved. . . . However, it is not all questions of law which will be decided upon exceptions. The rule was well stated in Allentown's Appeal, 121 Pa. Superior Ct. 352, 183 A. 360, as follows: (p. 356) 'Speaking generally, it may be said, upon the authority of Lower Chichester Township v. Roberts et al., 308 Pa. 195, 162 A. 460, that questions of procedure and other questions of law which should be disposed of preliminarily by a court are properly raised by exceptions, but such issues of fact as the proximate cause of injuries and their extent are for a jury. When questions of fact, which should go to a jury are attempted to be raised by exceptions, the court may properly relegate them to the triers of fact for disposition at the trial upon appeal.'" See also *Petition of Lakewood Memorial Gardens*, 381 Pa. 46, 112 A. 2d 135.

Even if the Borough could qualify as an interested party so as to be enabled to file exceptions, the matters

alleged in the exceptions were factual allegations which could be determined properly on appeal to the court of common pleas.

Appeal quashed.