Patterson & Co. *versus* The Pennsylvania Reform School.

| 92 | 229 |
| e204 | 645 |

The Pennsylvania Reform School is a public institution and the buildings thereof are not the subject of a mechanic's lien.

November 20th 1879.   Before Sharswood, C. J., Mercur, Gordon, Paxson and Trunkey, JJ.   Sterrett and Green, JJ., absent.

Error to the Court of Common Pleas of *Washington county:* Of October and November Term 1879, No. 266.

Scire facias sur mechanics' lien, issued by David L. Patterson and Matthew G. Clark, partners as D. L. Patterson & Co., against the Pennsylvania Reform School, owners, and John, George and William G. Frazier, partners as Frazier Brothers, contractors.

The plaintiffs, on June 2d 1876, filed a mechanic's lien for $3204.70 against the Pennsylvania Reform School, owners, and Frazer Brothers, contractors, for lumber furnished the contractors in the erection of the new buildings at Morganza.   At the date of the filing of this lien the full contract price for the erection of said buildings had been paid.

On December 30th 1876, a scire facias was issued upon this lien and service had upon the defendant corporation alone.   To this action a special plea was filed by the Reform School, setting out its incorporation under and by virtue of an act of the legislature entitled " An act to incorporate an association for the establishment of a House of Refuge of Western Pennsylvania," approved April 22d 1850, and its several supplements, and that its buildings are used solely for public purposes.

Upon the trial, the Act of Assembly incorporating the said institution, with its several supplements, and the amendment to its charter under decree of the court of Allegheny county, and all Acts of Assembly making appropriation thereto, were considered as in evidence.   It was also shown that the said school was solely maintained, and its teachers and officers paid by annual appropriations made by the legislature, and its property purchased and buildings erected mainly, if not wholly, from moneys appropriated for that purpose by the state, the appropriations so made since 1872 amounting to over $700,000.

At the trial the defendant submitted the following points, all of which the court refused:

1. That the Pennsylvania Reform School is a public corporation, created and maintained by the state for public purposes only, and its buildings and property are not subject to a mechanic's lien.

2. That the buildings and property of the school are held by this corporation for the charitable and public purposes, trusts and uses specified in the Act of Assembly incorporating it, and cannot be sold, conveyed or encumbered, except under the authority of an act of the legislature, or a decree of the court duly obtained for that purpose.

3. That under all the evidence adduced in this case, the verdict of the jury should be for the defendant.

A verdict was taken pro forma for the plaintiffs, subject to the opinion of the court upon the question of law reserved as to the liability of the defendant corporation to a mechanics' lien; and on the 19th of July 1879, judgment was entered upon the point reserved in favor of the defendant *non obstante veredicto,* which was the error alleged.

The Reform School was originally incorporated under and by virtue of an act of the legislature entitled, " An act to incorporate an association for the establishment of a House of Refuge for Western Pennsylvania," its object and purpose being the care and guardianship of infants under the age of twenty-one years, committed to its custody by aldermen and justices of the peace for incorrigible or vicious conduct, or by the courts of Oyer and Terminer or Quarter Sessions of any county within the Western District, upon conviction of any criminal offence.   The judges of the courts of Allegheny county are made its legal visitors, and are to examine and pass upon all commitments made by aldermen and justices, with power to discharge any who may be improperly committed.   The managers are required to report annually to the legislature the number of children received, the disposition made of them, the receipts and expenditures, and all other facts connected with the management of the institution, and the legislature reserve the right to alter, amend or repeal the act of incorporation.

The children received under commitments of any court within

[Patterson & Co. v. Pennsylvania Reform School.]

the Western District of Pennsylvania, are clothed, maintained and instructed at the expense of the county from which they came, and their accounts are kept in the same manner as accounts of convicts in the penitentiaries. Supplementary acts have been passed at different times, but the object and purpose of the institution remain unchanged.

*Braden & Miller* and *M. C. Acheson*, for plaintiffs in error.— The Act of 1834, Purd. Dig. 295, pl. 11–12, provided a remedy by mandamus against counties and townships, and the same remedy was extended to cities and boroughs by subsequents acts.

The Act of 1836 provides for sequestration as a remedy against any corporation not being a county, township, or other public corporate body.

The Act of April 7th 1870, Purd. Dig. 291, pl. 52, changes the remedy against the latter class of corporations, and provides for sales, as in other cases. The only exception to the provisions of the Act of 1870 is that class of public corporations subject to writs of mandamus. If the plaintiffs had furnished their materials directly to the corporation before the Act of 1870, would they not have had a remedy by sequestration ? If they obtained judgment after the Act of 1870, could they not have issued a writ of fieri facias ? If they could not, the corporation could contract debts and utterly refuse to pay them, because there would be no legal method of enforcing the claim.

If the corporation could be sued, judgment obtained and execution could issue on a contract, then a mechanic's lien will bind the buildings of the corporation, under the reasoning in Foster *v.* Fowler, 10 P. F. Smith 27, " that where there can be no execution there can be no action;" and in Church *v.* Allison, 10 Barr 417, that if mandamus was not the specified remedy against a county, the word "building" in the mechanics' lien law would embrace the court-house.

*John W. & A. Donnan*, for defendants in error.—The buildings of the defendant corporation are exempt from levy and execution on grounds of public policy : Wilson *v.* The Commissioners, 7 W. & S. 197 ; Williams *v.* The Controller, 6 Harris 275.

If a court-house or school-house is exempt from lien on grounds of public convenience and necessity, much more then should the buildings of this corporation be exempt. In the protection of the one only a small part of the public are interested, but in the other the whole Western District of Pennsylvania has a direct interest. There are at this time under the care of the Pennsylvania Reform School over three hundred children, committed to its custody by courts and justices of the peace, and to sustain this lien this court must be ready to say that the property and build-

[Patterson & Co. *v.* Pennsylvania Reform School.]

ings in which they are now confined may be sold at sheriff's sale, and, as a necessary consequence, that a purchaser can, by usual proceedings, obtain possession.

There can be no lien, for there is no remedy provided by which execution can be had to enforce it. Both the Acts of June 16th 1836 and of 1870, have reference solely to corporations having franchises and privileges from which they derive a profit or income for the individual benefit of its members. The Reform School is not of this character. It has no capital stock, no provision for making dividends; has no rents, issues, profits, tolls or receipts from any source. The funds necessary to carry on its work were originally derived from public and private charity, and are now furnished wholly by the state. No private advantage or emolument accrues to the corporation or its members in any way, as in banking, railroad or turnpike companies, and its managers conduct its affairs without any compensation or right to receive compensation. As originally incorporated it was a great public charity. It held and owned no property, except such as was necessary for the proper conduct of its work, and had no privileges or franchises which could be seized by writ of sequestration.

The judgment of the Supreme Court was entered November 28th 1879,

PER CURIAM.—By an Act of Assembly of April 22d 1850, an an association was incorporated for the establishment of a House of Refuge for Western Pennsylvania. They were authorized to receive into their care and guardianship infants under the age of twenty-one years, committed by a magistrate for incorrigible or vicious conduct, or who shall be in the judgment of a court of criminal jurisdiction fit subjects for the House. Fees are established by a subsequent act to be paid by the proper county. The name was afterwards changed to the Pennsylvania Reform School. The question is, can a mechanic's claim be filed against the building occupied by the school? If it can, a levari facias may be issued, the building may be sold and the inmates let loose. We think that it accords with all our decisions to hold that an institution of this character is a public institution, though under the control of a corporation, yet subject to visitation by the legislature. It is a public corporate body, and cannot be proceeded against by levari facias. No other writ could be issued under proceedings upon a mechanic's claim, and it is unnecessary to inquire what the proper remedy of the plaintiffs would be.

Judgment affirmed.