# Commonwealth, Appellant, *v.* Bercaw.

*Game laws—Fish—Criminal law—Act of May* 29, 1901, *P. L.* 302.

A person who fishes in the waters of this commonwealth with a rod, hook and line, and a hand line at the same time, does not violate sec. 2, of the Act of May 29, 1901, P. L. 302, which provides that "it shall be unlawful to fish in any water of this commonwealth, in any manner except with the rod, hook and line, or with hand line having not more than three hooks."

Argued Jan. 8, 1906.   Appeal, No. 44, Jan. T., 1906, by

plaintiff, from judgment of Q. S. Wyoming Co., Oct. T., 1905, No. 31, on appeal from justice of the peace in case of Commonwealth v. W. R. Bercaw.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ.    Affirmed.

Appeal from summary conviction before a justice of the peace.

TERRY, P. J., filed the following opinion:

This is an appeal from a summary conviction under the Act of May 29, 1901, P. L. 302.

The defendant is charged with the violation of the provisions of the second section thereof, which reads as follows:

"That from and after the passage of this act it shall be unlawful to fish for game fish in any of the waters of this commonwealth in any manner except with rod, hook and line, or with hand line having not more than three hooks; or for food fish with any device not specifically permitted in this act. Any person violating any of the provisions of this section shall, on conviction thereof, as provided in section thirty-eight of this act, be subject to a fine of twenty-five dollars."

The case came before the court on appeal, as stated, and was heard in accordance with the practice in cases of summary conviction, when it appeared that the defendant was arrested by a special fish warden for fishing with rod, hook and line, and with hand lines, in the Susquehanna river. The justice fined the defendant $25.00. The evidence taken before the court clearly shows that he was fishing with a rod, hook and line, and also with one hand line with two hooks thereon.

It was claimed by the commonwealth that he had two hand lines in use, but the weight of the evidence is against such contention. Therefore we find as a fact that he was fishing with but one hand line.

The only question before us is this: Is it unlawful for a person to fish with a rod, hook and line, and a hand line having not more than three hooks, at the same time?

The section referred to makes all manner of fishing for game fish unlawful except two specified modes. Those two methods are legalized. The legislature has said to the individual: "You

may fish for game fish in two ways, first, with rod, hook and line ; second, with hand line having not more than three hooks —all other modes are prohibited." This, in our opinion, does not mean to confine the person to one or the other of these methods. If the word " and " had been substituted for " or," it could have been contended with equal plausibility, that both modes were meant to be employed at the same time. To escape this construction, the word " or " may have been used. However this may be, we think the section under consideration simply distinguishes the unlawful from the lawful modes of fishing, and that, if a person avoids the former, he is not required to make a choice of the latter.

If the meaning of this provision or the law is not clear, we must apply the rule of interpretation governing in such cases.

Penal statutes must be construed in case of doubtful meaning, in favor of the accused, and it is a reasonable expectation that when the legislature " intends the infliction of suffering, or an encroachment upon natural liberty or rights, or the grant of exceptional exemptions, powers and privileges, it will not leave its intention to be gathered by mere doubtful inference, or convey it in cloudy and dark words only ; for an offense cannot be created or inferred by vague implications,—but will manifest it with reasonable clearness : " Endlich on the Interpretation of Statutes, p. 452. If the legislative intent had been to prohibit fishing with a rod, hook and line and a hand line at the same time, we think it would have been definitely expressed.

In the absence of such expression, we think it was not intended.

Therefore, the defendant has not been guilty of a violation of the act under which he was arrested, and accordingly, he is now discharged. The county is directed to pay the costs of prosecution.

*Error assigned* was the judgment of the court.

*O. Smith Kinner*, district attorney, for appellant.—A penal statute is not to be construed so strictly as to defeat its object : Bartolett v. Achey, 38 Pa. 273 ; The Mayor v. Davis, 6 Watts

& Sergeant, 269; Com. v. Waldman, 140 Pa. 89; Com. v. Eichenberg, 140 Pa. 158.

Words are to be construed according to their popular acceptation, to bring sense out of them, and not to bring sense into them: Com. v. Hufnal, 4 Pa. Superior Ct. 301; Haddock v. Com., 103 Pa. 243; Bradbury v. Wagenhorst, 54 Pa. 180.

All statutes are to be so construed as to give them operation if the language will permit instead of treating them as meaningless: Howard Association's Appeal, 70 Pa. 344; Fuellhart v. Blood, 21 Pa. C. C. Rep. 601; Com. v. Fraim, 16 Pa. 163; Imp. Co. v. Com., 94 Pa. 450; Ahl's Est., 2 Dauphin, 371; City of Pittsburg v. Kalchthaler, 114 Pa. 547.

All incongruities must be so construed as to harmonize the general intent of the whole act: Com. v. Conyngham, 66 Pa. 99; Holl v. Deshler, 71 Pa. 299; Phila. v. Ry. Co., 102 Pa. 190.

*James Wilson*, with *Joseph Wood Piatt*, for appellee.—The defendant is not to be subjected to a penalty unless the words of the statute plainly impose it: Tiffany v. Nat. Bank of Mo., 85 U. S. 409; U. S. v. Reese, 92 U. S. 214; U. S. v. Wiltberger, 18 U. S. 76; Respublica v. Weidle, 2 Dallas, 88.

It has been held in the construction of penal statutes that where an act contains such an ambiguity as to leave a reasonable doubt of its meaning, it is the duty of the court not to inflict the penalty: Com. v. Standard Oil Co., 101 Pa. 119; Dawson v. Shaw, 28 Pa. Superior Ct. 563; Philadelphia v. Costello, 17 Pa. Superior Ct. 339; Stewart v. Com., 10 Watts, 306.

PER CURIAM, March 12, 1906:

The question involved in this appeal is whether to fish for game fish in the waters of this commonwealth with a rod, hook and line, and a hand line at the same time is a violation of section 2 of the Act of May 29, 1901, P. L. 302, which provides that, " it shall be unlawful to fish for game fish in any waters of this commonwealth, in any manner except with rod, hook and line, or with hand line having not more than three hooks." This is a penal statute and the rules governing the construction of such statutes are applicable notwithstanding

the fact that the penalty for its violation is simply a fine.    The words of the section indicate that what the legislature had in mind was the " manner " of fishing ; they do not clearly prohibit the use of both devices mentioned at the same time.    The court below in a carefully considered opinion said that if the legislative intent had been to prohibit fishing with a rod, hook and line, and a hand line at the same time, it would have been expressed in definite and unequivocal language.    We concur with the learned judge in his conclusion and the reasons set forth in his opinion in support thereof.    We can add nothing profitably to what he has said upon the question.

The judgment is affirmed.