## Commonwealth, Appellant, *v.* Kenney.

*Fish laws—Illegal device—Title of statute—Act of May* 29, 1901, *P. L.* 302.

Under the Act of May 29, 1901, P. L. 302, a person may be convicted of fishing with a device consisting of lines attached to umbrella bows stuck in the ground, with two hooks on each line, and a bell fastened to the tip of each bow. In such a case it is immaterial that no game or food fish were found in the possession of the defendant, but only suckers. The title of the act is sufficient to cover such an illegal devise.

Everything which the nature of the subject of a little of an act reasonably suggests as necessary or appropriate for the accomplishment of its expressed purpose, is sufficiently indicated in such title.

Argued Nov. 14, 1906. Appeal, No. 87, Oct. T., 1906, by plaintiff, from order of Q. S. Berks Co., Miscellaneous Docket No. 651, page 326, affirming judgment of justice of the peace in case of Commonwealth v. George Kenney and H. J. Humma. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Reversed.

Appeal from judgment of justice of the peace.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*William A. Shomo,* with him *Oliver M. Wolff,* for appellant. —We submit that the learned court below erred in holding that the defendants had not violated the provisions of the Act of May 29, 1901, P. L. 302, in using devices for fishing which are not permitted by law: Com. v. Seechrist, 27 Pa. Superior Ct. 423; Com. v. Rothermel, 27 Pa. Superior Ct. 648.

It has been uniformly held by the courts of this state, in a long line of cases, that if the title fairly gives 'notice of the subject of the act so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary: Commonwealth v. Green, 58 Pa. 226 ; Yeager v. Weaver, 64 Pa. 425 ; Allegheny County Home's Case, 77 Pa. 77 ; State Line and Juniata Railroad Company's App., 77 Pa. 429 ; Mauch Chunk v. McGee, 81 Pa. 433 ; Gas and Water Co. v. Downington Boro., 193 Pa. 255 ; Commonwealth v. Beatty, 15 Pa. Superior Ct. 5.

*Stephen M. Meredith*, with him *Charles M. Plank*, for appellees.—It is plainly apparent that the act does not class suckers as either game or food fish; and, although there was not a scintilla of evidence to show that defendants were fishing for anything but suckers, yet appellant would have had the court below and would have this court presume or infer, in order to make out a case, that defendants were fishing for game or food fish instead of for suckers.

In order to apply such a statute as this, which in its character is penal, it is necessary for the plaintiff to show affirmatively that the defendants are, by the facts of the case, brought within its provisions: Wheeler v. Carpenter, 107 Pa. 271.

The interpretation is to be most favorable to a person accused of having violated the statute, and a doubt as to the application of the penalty is conclusive in his favor: Schott v. Harvey, 105 Pa. 222 ; Com. v. Giltinan, 64 Pa. 100 ; Trainer v. Wolfe, 140 Pa. 279 ; Com. v. Krickbaum, 199 Pa. 351 ; Wheeler v. Carpenter, 107 Pa. 271.

The strict construction is to be adhered to, even though the court may suspect the legislature to have designed otherwise: Gallagher v. Neal, 3 P. & W. 183 ; Endlich on Int. of Statutes, secs. 329 and 330 ; Road in Phœnixville, 109 Pa. 44.

The provisions of the act of 1901, so far as it relates to any matter other than to game and food fish, is unconstitutional and void; because the subject-matter of the act, as expressed in its title, is game and food fish only: Dewhurst v. City of Allegheny, 95 Pa. 437 ; Mansfield's Case, 22 Pa. Superior Ct. 224 ; Beckert v. Allegheny, 85 Pa. 191 ; Com. v. Hazen, 207 Pa. 52.

OPINION BY ORLADY, J., February 25, 1907:

An information was made against the defendants for "fishing with lines attached to umbrella bows, with bells fastened to the tips, contrary to the Act of May 29, 1901, P. L. 302." At the hearing before the justice of the peace it was proven that Humma " had thirteen hand lines with two hooks attached to each line, each line fastened to an umbrella bow stuck in the ground with a bell fastened to the tip "; and that Kenny " had four lines of the same kind." The defendants contended that they had not violated the law, "in using the devices with which they were fishing." They were discharged and an appeal was allowed the commonwealth under the Act of April 17, 1876, P. L. 29; and after hearing the appeal was dismissed (without reference to the constitutionality of the Act of April 22, 1905, P. L. 284). The evidence showed that the defendants " had nine suckers between them " and the learned court below held that because of the title to the act of 1901, which is as follows: "An act to declare the species of fish which are game fish and the species of fish which are commercially valuable as food, and to regulate the catching and encourage the propagation of the same," etc., the statute cannot be made to apply to any other species of fish than those which it declares to be either game or food fish, and that all its provisions must relate to the catching, etc., of such; " that it (the title) gives no notice to include anything else, but distinctly excludes from its operation whatever is not therein declared to be within the one or the other category; it calls upon everyone to ascertain what is embraced in the statutory definition of game and food fish, and exonerates him from any inquiry concerning what is omitted therefrom." Carp, catfish, eels and suckers are not in either class of game or food fish, though the time and the manner in which they may be caught is provided for in sections 6, 7, 8, 9, 11 and 31 of the act. Under the arguments of the appellee it would not be necessary to read further into the body of the act than its first section, which classifies and designates certain species of fish as game and food fish, as being specifically within the protection of the act, but this is a more narrow construction than is warranted by our decisions.

The title is to have a reasonable interpretation; and if it fairly

gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index to its contents, as has often been said: Allegheny County Home's Appeal, 77 Pa. 77. It is not the purpose or duty of the court to catch at pretexts to avoid legislation, where it can be fairly reconciled with the constitution: Mauch Chunk v. McGee, 81 Pa. 433; Pottstown Borough, 117 Pa. 538; Gas & Water Co. v. Downingtown Boro., 193 Pa. 255. The title is intended to give notice of the legislative intention to affect a right, a power, a remedy, a duty or a liability, and in a manner that those who may be specially interested therein will be clearly invited to examine into the body of the statute: Overseers v. Armstrong County, 11 Pa. Superior Ct. 175; Commonwealth v. Beatty, 15 Pa. Superior Ct. 5; Commonwealth v. Mintz, 19 Pa. Superior Ct. 283. The subject may have but one object while the means necessary for the attainment of that object may necessarily embrace subordinate subjects, differing in their nature and particular effect, yet all contributing to it, and comprised within the principal subject. Everything which the nature of the subject of a title reasonably suggests, as necessary or appropriate for the accomplishment of its expressed purpose, is sufficiently indicated by such title: Commonwealth v. Jones, 4 Pa. Superior Ct. 362; Sugar Notch Borough, 192 Pa. 349; Commonwealth v. Gilligan, 195 Pa. 504.

The purpose of this act is clearly defined in the very words of the title to be " to regulate the catching and encourage the propagation of game and food fish," and these words reasonably invite an inquiry, not only into the number of, the times when, and the methods by which such fish may be lawfully taken, but as well the methods deemed necessary by the legislature to encourage their propagation, and the modification, if any, of former legislation on this subject. The fish excluded from the species of game and food fish enumerated, in the act, are either indigenous to our waters or are placed therein by lawful authority and are clearly within legislative regulation. The title substantially, though without particularity, described the subject and purpose of the act, so that everything which reasonably pertains to that subject, is in law suggested by the title. The legislative purpose in regulating the catching and encouraging the propagation of game and food fish cannot be known until

every section of the act is read; in such an inquiry, the legislative will in regard to the methods, devices and appliances which may be lawfully used in fishing for other than game and food fish is unequivocally defined; so that the title is not misleading, every section being reasonably indicated through the subject-matter stated in the title. To admit the use of an unlawful device, and at the same time contend that the act was not violated because the fish taken were not of the species of game or food fish is not consistent with the doctrine of the decided cases. We held in Commonwealth v. Bercaw, 30 Pa. Superior Ct. 335, that the words of the section indicate that what the legislature had in mind was the " manner " of fishing. The guilt of the defendants did not depend upon what they caught, but in fishing for either game or food fish with a device not permitted by the act. Since regulation is made effective only through penalties, a title expressing a purpose to regulate implies such penalties: Commonwealth v. Rothermel, 27 Pa. Superior Ct. 648, and cases therein cited.

.The judgment is reversed and a procedendo awarded.