# Commonwealth *v.* Allen, Appellant.

*Fish law—Illegal device—Fish basket—Eels—Act of April* 27, 1903, *P. L.* 319.

Substituting a wire screen for slats in an eel basket, and having three-fourths of the bottom a permanent construction and immovable, is a violation of the Act of April 27, 1903, P. L. 319, which provides "that every basket so used shall be made of slats not less than one-half inch apart with a movable bottom which shall be taken out of each basket, so used, at sunrise, and be kept out until sunset."

While the Act of April 27, 1903, P. L. 319, repealed all acts or parts of acts with which it is inconsistent, it must be treated as a part of the general system of regulating the catching of fish in the public waters of the commonwealth, and, as such, to be construed with the Act of May 29, 1901, P. L. 302, which by its title declares the species of fish which are game fish, and the species of fish which are commercially valuable for food, and also regulates the catching, and encourages the propagation of the same.

To admit the use of an unlawful device, and at the same time contend that the act was not violated because the fish taken were not of the

species of game or food fish, is not consistent with the doctrine of the decided cases.

Argued Nov. 20, 1907.  Appeal, No. 75, Oct. T., 1907, by defendant, from order of C. P. Bradford Co., Feb. T., 1906, No. 377, discharging exceptions to record of justice of the peace in case of Commonwealth v. Allen.  Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Exceptions to record of justice of the peace.

The affidavit on which the summary conviction before the justice of the peace was based was as follows:

"October 5th, 1905, personally appeared before the subscriber, one of the Justices of the Peace in and for said County and State, W. E. Shoemaker, Special State Fish Warden, who being duly sworn, deposes and says that one J. E. Allen, on the night of September 2nd, 1905, and consecutively thereafter each night till Sept. 26, 1905, except three nights during said period and also excepting Sundays Sept. 10, 17, and 24, 1905, and divers other times to Sept. 26, 1905, in the Chemung river of the public waters of this Commonwealth and of the County of Bradford, with force and arms &c., did wilfully, maliciously and unlawfully fish with a fish basket and wing-walls in the said waters, and did use and operate the said fish basket for the taking of eels, and did therewith actually catch one and more eels, the said fish basket being illegally and unlawfully constructed and not in accordance with the requirements of the law, the same having in the place of slats and movable bottom, wire screens of very small meshes: to wit, about one-half inch square, and part of said bottoms even as described being solid and immovable, all contrary to Sec. 1 of the Act of April 27, 1903, P. L. 319, and under penalty as provided by Section Two of the Act of May 29, 1901, P. L. 302, as fully set forth in said Acts, and contrary to the Acts of Assembly in such cases made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The testimony taken before the justice sustained the affidavit.

222    COMMONWEALTH *v.* ALLEN,. Appellant.

The justice convicted the defendant. On certiorari exceptions were filed to the judgment.

In an opinion by FANNING, P. J., the exceptions were dismissed.

*Error assigned* was in dismissing the exceptions.

*H. F. Maynard,* of *H. F. Maynard & Son,* with him *W. G. Schrier,* for appellant.—A defendant charged with fishing for eels, cannot be convicted of fishing for game or food fish, no matter what kind of device he is using to catch the eels, and we submit that such is the holding of the case of Commonwealth v. Kenney, 32 Pa. Superior Ct. 544.

*W. C. Wilson,* of *Lilley & Wilson,* for appellee, cited: Com. v. Jolly, 15 Pa. Dist. Rep. 305; Com. v. Bercaw, 30 Pa. Superior Ct. 335; Com. v. Seechrist, 27 Pa. Superior Ct. 423; Com. v. Kenney, 32 Pa. Superior Ct. 544.

OPINION BY ORLADY, J., May 14, 1908:

The defendant was adjudged guilty of taking fish with an illegally constructed eel basket, in one of the public waters of this commonwealth, and on the trial in the court below he directly waived all irregularities in regard to the information and warrant, and entered his plea of not guilty, upon the contention that under the facts of the case he should be discharged from custody.

In August, 1905, he obtained a license from the treasurer of Bradford county to construct and operate an eel run or basket in the Chemung river, under the provisions of the Act of April 27, 1903, P. L. 319, which authorizes the taking of eels, upon procuring a specified license, and defines the manner in which they may be taken, etc.

The first section of the act makes it lawful to catch eels in the public waters of the commonwealth by use of fish baskets with wing walls, "provided that every basket so used shall be made of slats not less than one-half inch apart, with a movable bottom, which shall be taken out of each basket, so used, at sunrise and be kept out until sunset," etc.

While this act repeals all acts or parts of acts with which it is inconsistent, it must be treated as a part of the general system of regulating the catching of fish in the public waters of the commonwealth, and, as such, to be construed with the Act of May 29, 1901, P. L. 302, which by its title declares the species of fish which are game fish, and the species of fish which are commercially valuable for food, and also regulates the catching, and encourages the propagation of the same, etc.

The undisputed facts show that the defendant constructed a fish basket of wire screens, and having only one-quarter of the bottom movable, being entirely different from the basket required by the statute, which provides that it "shall be made of slats not less than one-half inch apart with a movable bottom." Such ingenuity in substituting a device not warranted by the statute cannot be approved.

As stated in Commonwealth v. Bercaw, 30 Pa. Superior Ct. 335, the words of the statute indicate that what the legislature had in mind was the "manner" of fishing, and in Commonwealth v. Kenney, 32 Pa. Superior Ct. 544, we hold that the purpose of the act of 1901, is clearly defined in the very words of the title, namely, to regulate the catching, and encourage the propagation of game and food fish. These words reasonably invite an inquiry, not only into the number of the times when, and the methods by which such fish may be lawfully taken, but also the methods deemed necessary by the legislature to encourage their propagation, and the modification, if any, of former legislation on the subject. The license issued to the defendant authorized him to construct and maintain a fish basket in strict conformity to the defined plans as set out in the statute, and none other. His attempt to evade its plain provisions fully justified the conclusion reached by the court below.

To admit the use of an unlawful device, and at the same time contend that the act was not violated because the fish taken were not of the species of game or food fish is not consistent with the doctrine of the decided cases: Commonwealth v. Kenney, 32 Pa. Superior Ct. 544.

Substituting a wire screen for slats, and having three-fourths of the bottom a permanent construction and immovable was a

manifest evasion of the legislative declaration that the whole bottom should be removed within the hours stated.

The basket as he maintained it, was a trap for every kind of fish that came down the stream, and how many would be unlawfully detained therein in their passage, would depend upon the effectiveness of the contrivance to accomplish the purpose of the defendant. The fine imposed was fully warranted under the decisions of this court in the above-mentioned cases.

The judgment is affirmed.