# Pittsburg, Appellant, *v.* Calvary Cemetery Association.

*Taxation—Exemption—Burial grounds—Constitutional law—Special legislation—Classification.*

1. Section 5 of the Act of June 4, 1901, P. L. 364, as amended by the Act of March 19, 1903, P. L. 41, exempting from taxation "places of burial not used or held for private or corporate profit," does not contravene sec. 7 of art. III of the constitution, which prohibits the general assembly from passing any local or special law exempting property from taxation; neither does the act contravene secs. 1 and 2 of art. IX of the constitution relating to uniformity of taxation.

2. Places of burial not used for private or corporate profit are exempt from liability for assessments for paving a roadway.

Argued April 22, 1910.   Appeal, No. 104, April T., 1910, by plaintiff, from order of C. P. No. 3, Allegheny Co., Aug. T., 1907, M. L. D. No. 3, discharging rule for judgment for want of a sufficient affidavit of defense in case of City of Pittsburg v. Calvary Cemetery Associa-

290 PITTSBURG, Appellant, *v.* CALVARY CEM. ASSN.

Statement of Facts—Opinion of the Court.   [44 Pa. Superior Ct.

tion.   Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ.   Affirmed.

Scire facias sur municipal lien for paving roadway.   Before Kennedy, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Lee C. Beatty,* with him *Charles A. O'Brien* and *James B. Drew,* for appellants.—The act exempting appellee's property from special assessment violates art. III, sec. 7, of the constitution of Pennsylvania: Washington Ave., 69 Pa. 352; Harrisburg v. McPherran, 14 Pa. Superior Ct. 473; Chicago Union Traction Co. v. Chicago, 204 Ill. 363; Pittsburg v. Newell, 223 Pa. 420; Reading City v. O'Reilly, 169 Pa. 366; Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Vulcanite Paving Co. v. Phila. Rapid Transit Co., 220 Pa. 603; Lumber Co. v. Carnegie Institute, 225 Pa. 486; Evans v. Phillipi, 117 Pa. 226.

The act of 1901 and 1903, also violates art. IX, secs. 1 and 2, of the constitution: Broad Street, 165 Pa. 475; New Castle City v. Stone Church Graveyard, 172 Pa. 86; Phila. v. Union Burial Ground Society, 178 Pa. 533; Phila. v. Franklin Cemetery, 2 Pa. Superior Ct. 569.

*Hermann L. Hegner, John C. Thompson* and *Watterson & Reid,* for appellee.

Opinion by Henderson, J., October 10, 1910:

It is conceded that sec. 5 of the Act of June 4, 1901, P. L. 364, as amended by the Act of March 19, 1903, P. L. 41, by its terms exempts the property of the defendant corporation from liability for the municipal claim which the plaintiff seeks to recover.   It expressly exempts from such a claim actual places of religious worship, places of burial not used or held for private or corporate profit and institutions

of purely public charity.  As the claim which the plaintiff presses is for paving the roadway the exception in the section as to sewer and footway claims is unimportant.  The appellant's burden is to show that this section is unconstitutional.  It was decided in Broad Street, 165 Pa. 475, that art. IX of the constitution providing for the exemption of certain classes of property from taxation related to the general public contributions levied and collected by the state or by its agencies for general governmental purposes as distinguished from special assessments imposed on property within limited areas for the payment of local improvements.  This was followed by New Castle v. Jackson, 172 Pa. 86, and Philadelphia v. Burial Ground Society, 178 Pa. 534.  As there was no statutory exemption at the time these decisions were rendered the claims sued for were sustained.  These decisions doubtless led to the enactment of sec. 5 of the act of 1901.  The appellant contends that the act violates sec. 7 of art. III of the constitution which prohibits the general assembly from passing any local or special law exempting property from taxation.  The argument is that municipal claims are a species of taxation; that the Act of May 16, 1891, P. L. 75, as amended by the Act of April 28, 1899, P. L. 100, under which the claim was filed, makes the property benefited by the improvement liable according to the benefits, and that the act of 1903 by excepting from the operation of the act of 1901 places of religious worship, places of burial not held for profit and institutions of public charity has made a particular class of property and therefore has legislated specially in favor of that class.  The general class is the "property benefited" and the exclusion of any species of property from this classification renders the law special.  The appellant admits, however, that classification for the purpose of taxation is proper and the important question in this connection is whether the exempted property is not a class reasonably within the meaning of the decisions.  That it is so made in the constitution cannot be doubted.  For reasons generally rec-

ognized, churches, burying grounds and public charities of the kinds designated in the constitution and in the statute under consideration are regarded as institutions worthy of the fostering care of the law. They produce no income; they have no means of maintenance except the contributions of the charitable, and their object is one of pure benevolence or necessity. The property of such corporations is not ordinarily in the market for sale and is not benefited in the same sense as is private property by such municipal improvements as paved cartways. Such property could truthfully be regarded as property not benefited by such improvements. The power to classify for purposes of taxation has existed under all of the constitutions of the state and has been exercised in the enactment of many statutes. Land has been classified as seated and unseated, as manufactories, mills, ferries, houses, lands, ground rents, etc. Personal property has been classified as mortgages, money at interest, stocks, watches, horses, cattle, carriages, etc. Occupations and professions have been classified for taxation, as have also single men. The present constitution recognizes this in providing that all taxes shall be uniform on the same class of subjects. It does not undertake to declare, however, what the subjects shall be. That is a matter for the judgment of the legislature, and when it designates a class exhibiting peculiarities which clearly and necessarily distinguish it from other property such classification is not forbidden by any law. The exemption in sec. 5 of the act of 1901 applies throughout the commonwealth and covers all of the property therein described in every proceeding for charging that kind of property with the cost of paving a street in a borough or city. This is neither local nor special legislation as we regard it. It is further urged that the act violates secs. 1 and 2 of art. IX of the constitution, but these sections do not apply to the kind of charge which the appellant undertakes to make. As has already been noticed this constitutional provision only applies to ordinary taxation for the maintenance of gov-

ernment. It neither permits nor forbids the enactment of a law exempting real estate from assessments for local municipal improvements. If the exempted property is a proper subject of classification no place remains for the argument that there is an inequality of taxation, for the property is taken out of the lists of things liable to assessment. All of the property made liable is equably charged. We regard it as within the power of the legislature to make the classification declared in the constitution and the statute, and to relieve the particular class of property from the burden of the cost of improvement of the character made by the appellant.

The judgment is therefore affirmed.