## Carrick, Appellant, *v.* Canevin.

*Municipal claims—Exemption of burial place—Notice to owner—Property of Roman Catholic Church.*

1. A rule for judgment for want of a sufficient affidavit of defense in a scire facias sur municipal claim for grading and paving a street abutting on a burial place owned by a Roman Catholic congregation, is properly discharged where an affidavit of defense avers that no notice of the proceedings before the viewers had been given to the congregation, its members or officers, and there is nothing in the record of the proceedings to show notice to anyone, except what might be inferred from a statement in the published report of viewers that the bishop of the diocese as trustee had been assessed an amount stated.

2. A Roman Catholic bishop is a mere dry trustee of the property owned by the various congregations in his diocese, and as such he has neither interest in the estate nor power to control it or direct its management in any way. He is simply the passive, silent depository of the legal title and nothing more.

Argued May 8, 1913. Appeal, No. 159, April T., 1913, by plaintiff, from order of C. P. Allegheny Co., July T., 1912, No. 2,965, discharging rule for judgment, for want of a sufficient affidavit of defense in case of Carrick Borough v. Rt. Rev. Regis Canevin, Trustee for St. George's Congregation. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*W. H. Lemon,* with him *E. B. Strassburger,* for appellant.—The viewers' report cannot be attacked in a collateral proceeding: Tarentum Borough v. Presbyterian

Church of Tarentum, 57 Pitts. Leg. J. 303; Western
Pennsylvania R. R. Co. v. Allegheny, 2 W. N. C. 229;
Myers v. S. Bethlehem Borough, 149 Pa. 85; Second
Avenue, 7 Pa. Superior Ct. 55.

*H. L. Hegner,* for appellee, cited: Sheraden v. Metho-
dist Church, 58 Pitts. Leg. J. 396; Breed v. Allegheny,
85 Pa. 214; Hershberger v. Pittsburg, 115 Pa. 78.

OPINION BY ORLADY, J., October 13, 1913:

This appeal is taken from an order discharging a rule
to show cause, why judgment should not be entered
for want of a sufficient affidavit of defense, in a sci.
fa. sur municipal claim for grading, paving and curbing
Brownsville road, upon which certain property, used for
cemetery purposes and owned by the St. George's con-
gregation, abuts.

The affidavit of defense sets out, that this congrega-
tion is an unincorporated religious association for the
support of religious worship, according to the laws,
usages and discipline of the Catholic Church, and is
subject to the ecclesiastical jurisdiction of the Catholic
Bishop of Pittsburg, and as such maintains the land
described in the municipal claim, as a place of burial
for the interment of decedents of the Roman Catholic
faith; the legal title to which, in accordance with the
laws and usages of the Catholic Church, is vested in
Right Reverend Regis Canevan, the Bishop of the dio-
cese, as trustee for said congregation, and it is specially
averred, that it is now and was at the date of making
the improvements in said Brownsville road upon which
the assessment is based, "a place of burial, not used
or held for private or corporate profit."

The defendant further avers, that he is not and
never was the owner or reputed owner or registered
owner of the property described, being but the custodian
of the legal title, a dry trustee, and the management,
control and real ownership of the said property, is and

was at the said time vested in St. George's congregation, that he is not nor was he the real party interested in said property. A supplemental affidavit of defense was filed by leave of court by the president, secretary and members of St. George's congregation, and they were permitted to intervene as parties defendant. This affidavit avers that no notice of the time and place where the viewers appointed by the court, to ascertain the costs, damages and expenses and assess the benefits arising from the grading, paving and curbing of the Brownsville road, would meet and exhibit their schedule, was given to the St. George congregation, the real owner as aforesaid, or to the reputed and registered owner, etc., as required by law, and that the report of viewers in the case fails to disclose or show that any such notice was given, nor did the congregation, its officers or members have actual notice of the time and place of the exhibition of said schedule, etc.

The Act of June 4, 1901, P. L. 364, as amended by the Act of March 19, 1903, P. L. 41, provides that, "Public property used for public purposes shall not be subject to tax claims or municipal claims; and actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity, shall not be subject to tax or municipal claims," etc.

The title to these acts, providing when, how, upon what property, and to what extent, liens shall be allowed for taxes, and for municipal improvements, etc., the procedure upon claims filed therefor; the methods for preserving such liens and enforcing payment of such claims, meets all the requirements of art. 3, sec. 3, of the constitution in regard to the sufficiency of the title, under the interpretation given in Commonwealth v. Immell, 33 Pa. Superior Ct. 393; Commonwealth v. Kenney, 32 Pa. Superior Ct. 544; Sugar Notch Borough, 192 Pa. 349; Commonwealth v. Herr, 39 Pa. Superior Ct. 454; Page v. Carr, 232 Pa. 371, and other cases.

The Act of April 26, 1855, P. L. 328, sec. 7, provides that property held, as is this burial ground ". . . . Shall not be otherwise taken, held or enure than subject to the control and disposition of the lay members of such church, congregation or religious society or such constituted officers or representatives thereof." These officers are shown by the intervenors to have been Rev. S. J. Schramm, president, and Philip Froelich, secretary, and members of St. George's congregation, and it is distinctly averred that these parties had no notice of any stage of the proceeding to lien this property for the improvements. The only notice given being, as stated in the report of viewers, as follows: "Rt. Rev. Regis Canevan, trustee, $790.67" and of this, neither the dry trustee nor the officers of the congregation had actual notice.

The character and custody of title in a bishop of the Catholic Church under the act of 1855, has been but recently very fully considered by the Supreme Court in Krauczunas v. Hoban, 221 Pa. 213, and Mazaika v. Krauczunas, 233 Pa. 138, in which latter case it is said: "A trust in such case gives to the trustee neither interest in the estate nor power to control it or direct its management in any way; that it creates no duty for the trustee to perform and leaves nothing to his discretion, that he is simply the passive silent depository of the legal title and nothing more."

The affidavit of defense distinctly avers that no notice was given as required by the Acts of May 16, 1891, P. L. 75, as amended by the Act of April 2, 1903, P. L. 124, and as properly stated by the learned judge of the court below, "If the defendant has not had its day in court, it is entitled to have it now; and as the only averment on the subject, so far as the record before us discloses, is contained in the affidavit of defense, which is to the effect that no proper notice was given or received, the question whether the claim for exemption can now be properly raised and entertained should not

be determined, and the defendant should be given an opportunity to make good its contention that it was not served properly with notice of the viewers' proceedings, and thus place itself in a position, beyond question, to present its claim for exemption." This challenge of fact raised by the affidavits should be determined by a jury, as it is a direct and material denial of the statement, that service was made as declared in the report of viewers: Pittsburg v. Cemetery Association, 44 Pa. Superior Ct. 289.

The judgment is affirmed.