# Philadelphia, to use, v. School District of Philadelphia

*Lester S. Hecht,* for plaintiff.
*Edward B. Soken,* for defendant.

OLIVER, P. J., July 10, 1940.—The question presented for our determination is the validity of a municipal assessment and the writ of scire facias issued thereon against a school district.

Ernest Di Sandro, pursuant to a contract with the City of Philadelphia authorized by an ordinance of council approved October 20, 1937, Ordinances and City Solicitor's Opinions, 1937, p. 487, constructed a sewer in front of a public school building. The price charged for the work, $237.12, was assessed against the premises and the contractor was authorized to collect the assessment to his own use. He assigned the claim to Lewis Bokser, who in

turn assigned it to City National Bank of Philadelphia. Written notice of an intention to file a claim, unless the amount due was paid within one month from the date of service of notice, was served on defendant on November 17, 1939.

More than a month after the service of the notice, the City National Bank of Philadelphia filed a claim for the amount due and a writ of scire facias sur municipal claim was issued under the Act of May 16, 1923, P. L. 207, providing for the assessment and collection of municipal claims. Defendant filed an affidavit of defense raising questions of law. Thereupon, the use-plaintiff entered a rule for judgment for want of a sufficient affidavit of defense.

The action involves (1) the right to file a municipal claim, under the Act of 1923, supra, against a school district; (2) the conflict between the provisions of the Act of 1923, which purport to grant such right, and section 631 of the School Code of May 18, 1911, P. L. 309; (3) the adequacy of the title of the Act of 1923; and (4) the effect of the alleged rule of public policy prohibiting execution under a judgment against a public school building.

1. It is well recognized that local assessments may not be levied against municipal subdivisions unless there is express statutory authorization for such levy. No exemption law is necessary to free public property from such burdens: Wilkinsburg Borough v. School Dist., 298 Pa. 193 (1929).

However, it is claimed that section 5 of the Act of 1923, as amended by section 1 of the Act of May 4, 1927, P. L. 733, 53 PS §2025, specifically permits the filing of a municipal lien against municipal subdivisions. The act provides:

"All real estate, by whomsoever owned and for whatsoever purpose used . . . shall be subject to all tax and municipal claims herein provided for, except that all property owned by any county, city, or other municipality or municipal division . . . shall not be subject to tax or mu-

nicipal claims on property, by law, exempt from taxation except for the removal of nuisances, for sewer claims and sewer connections, or for the curbing, recurbing, paving, repaving, or repairing the footways in front thereof."

It seems clear from the above language that the legislature intended municipal subdivisions to be subject to assessments for certain types of claims. No purpose would have been served in enumerating the specific types of work for which municipal subdivisions are *not exempt* from assessment unless it was intended that they should be included in the broad language, "All real estate, by whomsoever owned and for whatsoever purpose used . . ."

This interpretation of the act was recognized by the Supreme Court in Wilkinsburg Borough v. School Dist., supra, where a municipal claim filed against a school district for covering a natural watercourse on school property was rejected because it was not a "sewer claim" within the terms of the act. The court said (p. 199) :

". . . the fifth section gave the right to assess school districts for sewers only. . . . It must be kept in mind that the right to assess the school district rests on express statutory authority. The Act of 1923 gives the right to enter land to construct culverts, drains, ditches and sewers, but it is only in the latter case that power is granted to assess benefits."

Following this case, Judge Maxey, now justice of the Supreme Court, in Borough of Dunmore v. Dunmore School Dist., 31 Lack. Jur. 110 (1930), upheld a municipal lien, under the Act of 1923, against a school district for the construction of a sidewalk. See also Lower Chichester Twp. v. Lower Chichester School Dist., 18 Del. Co. 432 (1928).

2. Defendant contends that section 631 of the School Code, supra, exempts all school property from municipal assessments and that this provision prevails over the Act of 1923. The School Code does exempt all school property from the expense of sewer construction through munici-

pal assessment, but, in so doing, it merely codified an established principle of law: Wilkinsburg Borough v. School Dist., supra.

However, the Act of 1923 expressly modifies this rule of exemption. It provides that:

". . . all property owned by any . . . municipal division . . . shall not be subject to tax or municipal claims *on property, by law, exempt from taxation except* . . . for sewer claims . . ." (Italics supplied.)

It is clear from this quotation that the legislature took cognizance of the existing exemption and intended to modify it. See Borough of Dunmore v. Dunmore School Dist., supra. In Wilkinsburg Borough v. School Dist., supra, the court made a specific reference to the exemption provision of the School Code in its opinion which recognized the validity of a municipal claim against a school district under the Act of 1923.

Finally, if there is an irreconcilable conflict between the two statutes, the Act of 1923, as the later enactment, must prevail over the School Code.

3. Defendant contends that the title of the Act of 1923 is defective under article III, sec. 3, of the Pennsylvania Constitution because it does not give notice of an intention to include municipal divisions within the scope of its provisions.

Carrick v. Canevin, 243 Pa. 283 (1914), is a complete answer to this contention. That case involved the Act of 1901, as amended by the Act of 1903, supra, the predecessors of the statutes with which we are here concerned. A cemetery property was assessed for the expense of grading, paving, and curbing a certain road. Defendant claimed, inter alia, that the property was not used for profit, that the improvement was to a road and not to a footway, and that, therefore, the act did not apply. Section 5 of the Act of June 4, 1901, P. L. 364, as amended by section 3 of the Act of March 19, 1903, P. L. 41, provided:

". . . actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity, shall not be subject to tax or municipal claims, except for removal of nuisances, for sewer claims and sewer connections, or for the recurbing, paving, repaving, or repairing the footways in front thereof." Plaintiff contended that the title of the act was defective because it failed to give notice of this provision. The court held (p. 291) :

"As to the constitutional point raised by the plaintiff, after examining all the authorities called to our attention, we concur in the recent decision of the Superior Court in Carrick Boro. v. Rt. Rev. Regis Canevin, trustee for St. George's Congregation, 55 Pa. Superior Ct. 233, to the effect that, 'the title to these Acts (1901 and 1903, supra), "providing when, how and upon what property, and to what extent, liens shall be allowed for taxes for municipal improvements . . . , the procedure upon claims filed therefor, the methods for preserving such liens and enforcing payment of such claims," meets all the requirements of Art. III, sec. 3, of the Constitution'; further, we feel that the provision pleaded by the defendant is germane to the principal purpose of the acts, and that it is sufficiently indicated in their respective titles."

The title to the Act of 1923 is even more inclusive than and contains practically the same language as the earlier statutes. Section 5 expands the same provision of the earlier enactments to include municipal subdivisions in the specified exceptions to the exemption from municipal assessments. It does not expressly repeal section 631 of the School Code, but rather modifies inferentially the common-law rule of exemption which had been codified in the School Code. In the Carrick case, it was held that the title of the act sufficiently indicated the provisions covering the exemptions and that this provision was germane to the principal purpose of the act. Since the question of the sufficiency of the title involves the same considera-

tions in both cases, the Carrick decision must be regarded as controlling.

4. Finally, defendant contends that public school property used for governmental purposes is not subject to a writ of execution calling for the sale of the property, as provided in the Act of 1923, and that no judgment may be entered where execution is impossible.

However, the act expressly authorizes the entry of a municipal assessment in the present situation. We cannot refuse to enter judgment in this case and disregard the plain mandate of the legislature on the ground that the problem of execution under this act may be insurmountable. The determination of how plaintiff can satisfy his judgment must be left to future consideration.

This decision on our part is not inconsistent with any of the cases cited by defendant. We mention a few of the more important ones.

Schaffer v. Cadwallader, 36 Pa. 126 (1860), involved the question of whether certain judgments against the City of Philadelphia were encumbrances upon the title to certain property conveyed by the city. The court held that the judgments were not liens on the land because they could not have been executed against city property. But the court did not invalidate the judgments as decisions of the rights of the parties, nor did it concern itself with the possibility of execution by some means other than the sale of public property.

Ford v. Kendall Borough School Dist., 121 Pa. 543 (1888), held that a school district was not responsible for the negligence of its employes. The court was concerned with a substantive right and not with the question of the enforcibility of a judgment against a public agency.

Although O'Donnell v. School District of Cass Twp., 133 Pa. 162 (1890), acknowledged that execution on a judgment against a school district could not be had by a sale of public property, the court recognized the method

of execution by mandamus and attachment provided by the Act of May 8, 1854, P. L. 617.

Although we are not now faced with the problem of execution, we point out that the present School Code of 1911, supra, sec. 514, provides for the collection of any judgment recovered against money in the hands of the school directors. Although the Lien Act of 1923 was intended to be "a complete and exclusive system in itself, so far as relates to tax and municipal claims": sec. 41; the section providing the method of execution by levari facias, section 28 of the Act of 1923, 53 PS §2048, is in general language and does not necessarily prevail over section 514 of the School Code.

In Wilkinsburg Borough v. School Dist., supra, the court said (p. 201) :

"Though the Act of 1923 in turn repeals legislation in conflict with its general terms, it may be said that such general statute without negative words, though containing a clause repealing all laws inconsistent therewith, cannot operate to set aside a previous statute which is particular, even though the provisions of the one are different from the other: Com. v. P. & E. R. R., 164 Pa. 252. It is against reason to suppose that the legislature, in framing a general system for the collection of municipal claims throughout the State, intended to repeal an act passed to meet special circumstances, or having a special object in view: Brown v. County Commissioners, 21 Pa. 37; Endlich on Interpretation of Statutes, pages 223, 303."

It would be logical to hold that the legislature, under the general provisions of the Act of 1923, did not intend to repeal the special method of execution provided by the School Code and thus abrogate the settled rule prohibiting the sale of public property through a writ of levari facias. However, the question of whether the method of execution provided by section 514 of the School Code is available to a judgment in rem under the Municipal Lien Act must be reserved for a future decision.

The cases cited by defendant, Williams v. Controllers, 18 Pa. 275 (1852), and Patterson & Co. v. The Pennsylvania Reform School, 92 Pa. 229 (1879), holding that a mechanic's lien may not be levied against public property because execution would be impossible, are distinguishable. Since a sale of the property levied upon was the only method of execution under a mechanic's lien, in the absence of express statutory authorization the court refused to allow a mechanic's lien to be filed against public property, in view of the public policy prohibiting an execution sale of such property.

The rule for judgment for want of a sufficient affidavit of defense is therefore made absolute.